Day, J.
l. Evidence : cross-examination. I. Upon the trial of the cause the plaintiff as a witness in his own behalf,' for the purpose of refreshing his memory, referred to a book in which he % , , ,,, stated he had entered a part, but not all the items charged in his account. On cross-examination plaintiff gave at length the character and kind of work, dates, etc., from the book. Counsel for defendant then asked plaintiff whether item forty-one and divers other items of his account, were found in said book. To this the counsel *449 for plaintiff objected, unless tbe defendant proposed to offer the book in evidence, for tbe reason that “ tbe book was not in evidence, and plaintiff bad been asked no question concerning it except as be referred to it to refresh bis memory.” Tbe sustaining of tbis objection is tbe first error assigned. Tbe witness should have been allowed to answer tbe question. Tbe object of judicial investigations is to discover and elicit truth, not to suppress it. In furtherance of tbis end, great latitude is properly allowed in cross-examinations. "Whatever is pertinent to tbe direct examination, and furnishes tbe means of determining tbe knowledge, tbe honesty, tbe intelligence or tbe bias of tbe witness should always be laid before tbe jury. In judicial determinations, where facts are to be established by moral evidence, tbe slightest drcumstances are always important, and often sufficient to turn tbe scales of justices Tbe witness here bad stated, that tbe book did not contain all tbe items of account. He bad also frequently referred to it during bis testimony for tbe purpose of refreshing bis memory. Tbe defendant bad a right, upon cross-examination, to ascertain tbe extent to which tbe witness testified from independent recollection, and bow far bis memory was refreshed by tbe book. Tbe effect of such testimony, probably, would have been but slight; but however inconsiderable its weight, it should have gone to tbe jury, and been allowed such effect as tbe circumstances warranted. Whether there be any evidence is a question for tbe court, but bow far tbe evidence shall go toward establishing tbe fact upon which it bears belongs to the domain of tbe jury.
2._account to refresh memory. II. Tbe plaintiff having testified as before stated, tbe defendant asked to be permitted to examine, tbe book to see if it contained tbe items of plaintiff’s accotlIlt Tpe piaintiff interposed the same objection as before, which was sustained. Tbis ruling of tbe court is assigned as tbe second error. We are of *450 opinion that the defendant should not have been denied the privilege of an examination of the book. In Green-leaf upon Evidence, section 437, it is said that where the writing is used only for the purpose of assisting the memory of the witness, it does not seem necessary that it should be produced in court, though its absence may afford matter of observation to the jury. Yet its absence could hardly afford matter of just observation if the other party would have no right to examine it when produced in court. In the other class of cases where the witness recollects having seen the writing before and remembers that, at the time he saw it, he knew the contents to be correct, though he has, at the time it is produced, no independent recollection of the facts mentioned in it, the writing itself must he %>rodMced in court in order that the other party may cross-examine. In support of the foregoing views, see Gowen & Hill’s notes to Phillips on evidence, vol. 4, part II, p. 733, and cases cited.
3_landlord and tenant. III. Upon the trial the defendant and her husband testified that, in renting the demised premises to plaintiff, it was expressly stipulated that plaintiff should run the risk of all damages by trespassing animals to his crops, and that this was defendant’s invariable rule with all her tenants. This stipulation being denied by plaintiff, the defendant offered a witness to prove that he rented land of defendant in the same inclosure, in the same year, with the same stipulations, and that this was defendant’s rule with all of her tenants. The plaintiff’s objection to this testimony was sustained, and in this ruling lies the remaining alleged error. This evidence, in our opinion, was properly excluded. The jury could not legally infer that the defendant’s contract with plaintiff was the same as that with her other tenants.
For the errors before named, the judgment of the court is reversed, and the cause remanded.
Reversed.