## Ashworth v. Grubbs.

1. **Practice:** OPENING AND CLOSE: ERROR WITHOUT PREJUDICE. To justify a reversal because the party not having the burden of proof is given the opening and close in the introduction of evidence and the argument to the jury, it must appear that prejudice has resulted from the error.

2. **Evidence:** ADMINISTRATOR: WORK AND LABOR. In an action upon a promissory note against an administrator, alleged to have been given for work and labor of plaintiff's wife, the testimony of the latter respecting the amount of labor performed by her for decedent was *held* to be incompetent.

3. **Promissory Note:** ADMINISTRATOR. The denial of the execution of a promissory note in an action thereon against an administrator includes a denial of the genuineness of the signature.

4. ———: CONSIDERATION: INSTRUCTION. There being no evidence of relationship between plaintiff and defendant's decedent it was not error to instruct the jury that there was no relationship which constituted a good consideration, on the ground of natural love and affection.

5. ———: PREPONDERANCE OF EVIDENCE. Where the genuineness of the signature is denied a preponderance of evidence is sufficient to invalidate it.

*Appeal from Linn Circuit Court.*

MONDAY, DECEMBER 10.

THE defendant is administrator of the estate of Louisa Walton, deceased. The plaintiff filed as a claim against said estate a promissory note for $1,000, purporting to have been executed by said Louisa Walton on the 15th day of March, 1871, and payable to the plaintiff, or bearer, in two years from date.

The defendant answered the claim, denying that said Louisa Walton executed said promissory note, and alleging that, if the said note was ever signed by her, her signature was obtained by fraud and deceit, and without a knowledge of the contents of said note; and that at the time said note purports to have been executed the said Louisa Walton was in no manner indebted to plaintiff, and there was no legal or valid consideration for the same.

There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Thompson & Davis*, for appellant.

*J. M. Preston & Son*, for appellee.

ROTHROCK, J.—I.   The first point urged in argument is that the court erred in giving the defendant the opening and close

1. PRACTICE: opening and close: error without prejudice.

in introducing the evidence, and in the argument to the jury.   If we were to concede that this action of the court was erroneous we are unable to discover any prejudice to the plaintiff resulting therefrom. There must be a clear case of prejudice, to justify a·reversal upon this ground.  *Goodpaster v. Voris*, 8 Iowa, 335; *Smith et al. v. Coopers & Clarke*, 9 Id., 376; *Woodward v. Laverty* 14 Id., 381; *Fountain v. West*, 23 Id., 14; *Preston v. Walker*, 26 Id., 205.

II.   The plaintiff endeavored to show that the consideration for the note was certain work and labor performed by his wife

2. EVIDENCE: administrator: work and labor.

for said Louisa Walton, deceased.   The wife was introduced as a witness, and she was asked how much labor she had performed for the deceased in the last ten or twelve years, and what it was, and how much work she had performed for the deceased during her lifetime. These questions were objected to by defendant as incompetent, because the witness was the wife of the plaintiff, and the evidence sought to be elicited was in the nature of personal transactions between the deceased and the witness.   The objection was sustained.

· We are clearly of the opinion that this ruling of the court was correct, under section 3639 of the Code.  *Peck v. McKean*, 45 Iowa, 18.

III.   The court gave an instruction to the jury in these words:  "In this case the defendant has not denied the gen-

3. PROMISSORY note: administrator.

uine character of the signature to the note, but has denied the execution of the note, and the presumption of law is that it is genuine, in the absence of evidence to the contrary.   But this presumption is only *prima*

*facie*, and such that it may be overcome by any evidence before you which causes you to believe that the signature is not genuine. And it is not true that the defendant is estopped from controverting the signature to the note by proof. But the burden of proof is on him to do so, by a preponderance, of the evidence before you in the case."

It is claimed by counsel for appellant that this instruction was erroneous, because the signature to the note was not in issue. It is true the answer did not in terms deny the signature. It did, however, deny the execution of the note. The execution of a writing is the act of signing, sealing and delivering, or giving it the forms required to render it a valid act. Section 2730 of the Code, which provides that the genuineness of the signature to a written instrument shall be deemed admitted unless denied under oath, can have no application to actions against administrators upon instruments purporting to be signed by deceased persons, because that section requires that "*the person whose signature the same purports to be. shall * * * deny the genuineness of such signature under oath, or it shall be held as admitted.*"

As the statute cannot be held to apply to an action of this character we think the denial of the execution of the note, without regard to the peculiar provisions of said section of the statute, includes a denial of the genuineness of the signature. In this view the instruction complained of is not erroneous, at least there is no error in it to the prejudice of the plaintiff.

IV. In our opinion the evidence establishes beyond question that the consideration, if any was given for this note, was not work and labor performed by the plaintiff's wife for the deceased. There was no evidence to warrant the jury in so finding. There was, therefore, no error in the court instructing the jury that plaintiff must recover for himself.

V. The court further instructed the jury as follows: "There is no relationship in this case that will authorize or support what is known in law as a good consideration on the ground of natural love and affection." It is objected that it is not the prerogative of the court to inform the jury what relationship existed between the parties. It is

4.——: consideration: instruction.

not claimed that the plaintiff or his wife were related to the deceased, either by affinity or consanguinity, and in the absence of any evidence that they were there was no error in this instruction.

VI. It is claimed that the court erred in instructing the jury "that a preponderance of evidence was sufficient to inval-idate the signature to the note." The argument is that the evidence must be such as to satisfy the jury beyond a reasonable doubt. This position would be cor-rect if the defendant were suing the plaintiff for damages accruing to him by reason of some alleged crime committed by plaintiff, but that rule can have no application to a defense of this character. It is a mere denial of the execution of the note, and imputes crime to no one in particular.

5. ——: pre-ponderance of evidence.

VII. There is a strong conflict in the evidence. There is really little else but conflict in it. There is scarcely a fact statement made by any witness that is not flatly contradicted by some other witness. If the plaintiff's witnesses are to be believed the note is a valid claim against the estate, and if the defendant's witnesses tell the truth it is not only invalid, but is the result of a villainous scheme to plunder the estate. What witnesses are to be believed it is not for us to determine. The jury, in the rightful performance of their duty, have set-tled that question, and with their verdict the parties must be content.

AFFIRMED.