GEORGE MARTIN v. A. E. SHANNON, *et al.*, Administrators, Appellants.

**Evidence:** TRANSACTIONS WITH DECEDENTS. Plaintiff bought a stock of Carpenter and sold it to defendant's decedent to whom Carpenter delivered it. *Held:*

 a. Carpenter might testify that decedent did not pay him for the stock.

 b. Plaintiff may say what goods bought of Carpenter he saw in decedent's store.

IMMATERIALITY. Evidence of what plaintiff paid C for the goods was properly excluded, as immaterial.

HARMLESS ERROR In an action against an administrator for goods sold to his intestate, it was harmless error to allow a witness to testify that he and the intestate used to talk about nearly all of their business, where he had already testified, without objection, to statements made to him by the intestate, in regard to the contract with, and liability to plaintiff for the goods in question.

**Amendment of Pleadings after Appeal:** DISCRETION OF COURT. Pleadings may be amended after an appeal where the judgment of the trial court has been reversed, and the cause remanded for new trial.

SAME. An amendment to the answer filed after the evidence has been fully submitted and while arguments to the jury are being made, for the alleged purpose of meeting the testimony, is properly stricken out in the discretion of the court, especially where there is no testimony making it proper.

SAME: *Repetition of pleadings.* The court may permit an amendment to a pleading to remain on file, though it contain substantially

the same matter as did an amendment which had been stricken out.

**Judgment Against Administrator:** WHEN NOT PERSONAL. A judgment against defendants as administrators, only, which established plaintiff's claim as one of the third class, and directs defendants, as administrators, to pay it, does not create a personal liability against them.

*Appeal from Lyon District Court.*— Hon. John F. Oliver, Judge.

Saturday, April 10, 1897.

THIS is a proceeding in probate, to establish against the estate of D. H. Shannon, deceased, a claim for money alleged to be due. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendants, the administrators of the estate of the decedent, appeal.—*Affirmed.*

*E. C. Roach* for appellants.

*J. M. Parsons* and *E. Y. Greenleaf* for appellee.

ROBINSON, J.—In the latter part of the year 1883, the plaintiff sold to the decedent a stock of hardware, which was of the value of four thousand dollars. The plaintiff had obtained the stock of a man named Carpenter, and he delivered possession of it to Shannon. In June, 1889, Shannon died, and on the twenty-sixth day of the next November, the claim in controversy was filed. The plaintiff alleges that the sale to Shannon was by a verbal agreement, which required the latter to pay the former for the stock the sum of four thousand dollars, when it was finally disposed of; that the last of it was not disposed of until the year 1889; and that, of the purchase price, only one hundred and eighty dollars have been paid. Judgment for the amount alleged to be due is asked. The defendants

filed a general denial of the claim, and pleaded that it was barred by the statute of limitations. A counter-claim for the sum of one hundred and fifty-eight dollars and ninety-five cents was also set out in the answer. The jury returned a general verdict in favor of the plaintiff for the sum of three thousand eight hundred and sixty-two dollars and thirty cents, with interest at six per cent. from the date of filing the claim, and found specially, that there was due on the counter-claim of the defendants, the sum of one hundred and thirty-seven dollars and seventy-nine cents. A motion for a new trial was filed, and, while it was pending, the plaintiff offered to remit from the general verdict the sum of three hundred and seventeen dollars and seventy cents. The motion was overruled, and judgment was rendered in favor of the defendants for what remained of the amount fixed by the general verdict after deducting therefrom the sum remitted, with interest on the remainder.

I. This is the second appeal taken in this cause. On the first appeal the judgment of the district court was reversed. See 92 Iowa, 374 (60 N. W. Rep. 645).

After the cause was remanded, in September, 1895, the plaintiff filed an amendment to his claim. The defendants filed a motion to strike it, on the grounds that it was filed too late, that it presented a new cause of action, and that it contained substantially the same allegations as were set out in an amendment to the claim which had been stricken out. The motion was overruled. It is not true that pleadings cannot be amended after an appeal has been taken, where the judgment of the trial court is reversed, and the cause is remanded for another trial. The amendment did not set out a new cause of action, and it was within the power of the trial court to permit it to remain on file, even though it contained substantially the same matter as did the

amendment which had been stricken out. We do not find that the power of the court in that respect was abused. The same is true of a reply to the counter-claim filed by the plaintiff after evidence to sustain the counter-claim had been given. If this were not so, the defendants did not suffer prejudice from the ruling, for the reason that they were allowed the full amount of the counter-claim. Nor do we find that there was any abuse of the discretion of the court in striking an amendment to the answer alleged to have been filed to meet the testimony. We doubt if there was any testimony which made it proper, and it was not filed until the evidence had been fully submitted, and the arguments to the jury were being made.

II. The appellants complain of the ruling of the court in permitting the witness Carpenter to state that Shannon did not pay him anything for the stock. We think the ruling was correct, under the circumstances of the case. Carpenter surrendered possession of the stock to Shannon, and it was proper to show that he did not pay Carpenter for it. Complaint is also made of the refusal of the district court to permit the defendant to show what the plaintiff paid Carpenter for the stock. The rulings of the court in that respect were correct. The consideration paid by the plaintiff was wholly immaterial to any issue in the case. A witness testified to statements made to him by the decedent in regard to his contract and liability to the plaintiff for the stock in question. After the witness stated that he had conversed with the decedent frequently in regard to that matter, he was asked if the decedent talked with him a great many times in regard to business matters, and made a confidant of him, and, notwithstanding the objection of the defendants, was permitted to state that he and the decedent

were much together, and used to talk about nearly all of their business. The objection might well have been sustained, but, in view of the testimony which the witness had already given, his answer to it could not have been prejudical.

III. The plaintiff was permitted to testify what merchandise he was to receive from Carpenter, and that he saw portions of it in the store of the decedent in the year 1885. The appellants complain of this, on the ground that it was incompetent under section 3639 of the Code. The testimony respecting the contract certainly was not within the provisions of that section, and the testimony in regard to what merchandise was seen in the store was authorized by what we said on the former appeal. Other objections to the testimony given by the plaintiff are urged, but we do not think they are well founded.

IV. The appellants make numerous objections to rulings on evidence, to instructions refused, to portions of the charge given, and to the sufficiency of the evidence to support the verdict. We have examined all of these objections, but do not find them to be of sufficient importance to warrant specific mention of them. The rulings as to the introduction of evidence were manifestly correct or without prejudice. The instructions refused, so far as correct, were in substance incorporated in the charge given, and that submitted the issues to the jury fairly, and was quite favorable to the defendants. The evidence to support the claim of the plaintiff was in some respects not wholly satisfactory, but so far supported the verdict that we are not authorized to interfere with it. The jury failed to allow the defendants a credit for one hundred and eighty dollars, admitted by the plaintiff; but the error was cured by the amount remitted by the plaintiff, and the recovery provided for by the judgment was not excessive.

The form of the judgment entry is criticised, as establishing an absolute liability against the defendants. We do not think the criticism is well founded. The recovery allowed, is from the defendants, as administrators, only. The claim of the plaintiff is established as one of the third class, and the defendants, as administrators, are directed to pay it. They are not required to do more than to exhaust the funds of the estate available for that purpose. There does not appear to be any sufficient reason for disturbing the judgment of the district court, and it is therefore AFFIRMED.