THOMAS A. KINNEY, v. NILES A. McFAUL AND D. S. LEWIS, Executors of the Estate of Christian Jacobsen, Deceased, Appellants.

**Estates:** EVIDENCE. It is permissible to show, as preliminary,
1 the general relation of the parties, and if a witness testifies more in detail than is allowable, a motion to strike is the proper remedy.

**Evidence:** CHARACTER: In an action to recover a claim against
2 the estate of a decedent, claimant testified that the executor had asked him for references; held, that by references claimant meant persons of whom the executor might inquire regarding his character, but their statements not being disclosed, the evidence was not subject to the objection that it tended to show claimant's character.

**Evidence:** BUSINESS METHODS. In a proceeding to enforce a claim
3 against an estate, evidence of the business methods and habits of deceased is incompetent.

**Misconduct of Counsel:** REVIEW. Alleged misconduct of counsel
4 in argument, not incorporated in the record, cannot be reviewed on appeal, even though the argument was not taken by the reporter, wholly because of counsel's agreement to keep within the record.

*Appeal from Woodbury District Court.*—HON. WILLIAM HUTCHINSON, Judge.

THURSDAY, JANUARY 28, 1904.

CHRISTIAN Jacobson died February 6, 1901, and his will was admitted to probate March 19th of the same year. On that day Thomas A. Kinney filed his claim against the estate, alleging that he had loaned deceased $412.50 August 24, 1900. The executors interposed a general denial, and the cause was tried to a jury September 20, 1901. The claim was established, and the executors appeal.—*Affirmed.*

*Chas A. Dickson* and *Marks & Mould* for appellants.

*J. A. Pritchard,* and *M. J. Sweeley,* for appellee.

LADD, J.—When called as a witness, claimant testified that he had had business dealings with deceased since 1883. To an inquiry as to the nature of the business an objection was interposed, but the witness was allowed to answer: "At various times I would borrow money of him—quite a good many times. Quite a few times he borrowed money of me." The question was merely preliminary, and such as was permissible in showing in a general way the relations of the parties. If the answer was more in detail than allowable, a motion to strike was the proper remedy. Of course, the fact that either had accommodated the other before would not have the slightest bearing on the issue being tried; but it is always permissible to inquire somewhat into the relations of parties, to aid in the better appreciation of the evidence as it is adduced.

*1. EVIDENCE.*

II. On cross-examination, claimant was asked concerning a conversation with one of the executors, and on the re-direct he testified that at one time he was requested by him to bring references. "Q. How many did you get?" An objection as immaterial, irrelevant, and not tending to prove any of the issues, was overruled, and he answered: "Well, I don't know. I got them in my book—a whole string of them. Q. Name how many people you got?" (Same objection and ruling). "Q. The number of recommendations you got of men of business? A. Well, I should say fifty or sixty or seventy." Objection as to the character of these references was sustained. As contended the claimant's character was not in issue, and evidence concerning it was not admissible. *Stone v. Hawkeye Ins. Co.,* 68 Iowa, 737; *Hall v. Rankin,* 87 Iowa, 261. But such was not the purport of this evidence. By "references" we infer that names of persons of whom the executor might make inquiry as to Kinney's character was meant. "Recommendations"

*2. EVIDENCE: character.*

are mentioned, but, in the connection employed, seem to have been used as synonomous with "references." According to Webster's International Dictionary, a reference is "one who or that which is referred to specifically; one of whom inquiries can be made as to the integrity, capability, and the like, of another." The witness seems to have so understood, as he "had them in his book." What these persons might have said is not disclosed, and therefore the proof received did not tend to show what Kinney's character might have been. The purpose of its introduction is not apparent. It certainly had no bearing on the case, and could not have worked any prejudice.

III. One of the executors was asked with reference to deceased, "How was he as to being methodical and accurate in his business habits, and having written evidence of every-

3. Evidence: business methods

thing he did?" The objection as incompetent, immaterial, irrelevant, and calling for an opinion was sustained. The ruling was correct. Borrowing money is not inconsistent with "methodical and accurate" habits, and the fact that a man usually evidenced his transactions in writing does not tend to show that he did not sometimes do otherwise. *Martin v. Shannon,* 92 Iowa, 374; *Adams v. Railway,* 93 Iowa, 565; *McKivitt v. Cone,* 30 Iowa, 455. It may be that the fifth instruction, in so far as it advises the jury to take into consideration "the habits and methods of the deceased in his business transactions, as the same is shown by the evidence herein," is somewhat inconsistent with this ruling; but this portion of the charge was copied from an instruction requested by the executors, and therefore they are not in a situation to complain. Moreover, much evidence of deceased's methods of doing business was introduced without objection.

IV. Evidence of the alleged misconduct in plaintiff's counsel in argument to the jury was not incorporated in the bill of exceptions, and for this reason cannot be considered.

4. MISCONDUCT of counsel: review.

*Rayburn v. Ry.,* 74 Iowa, 637; *Farmer v. Brokan,* 102 Iowa, 246. It is said, however, that

appellants' attorney was induced to forego having the argument taken down in shorthand by the promise of his antagonist to the reporter that he would be good, and not go outside of the record. If so, counsel agreed to do and omit no more nor less than the law exacted of him as an officer of the court, and the effect of excusing the reporter merely waived having such a record made as to enable this court to pass on the question raised.

The verdict is supported by the evidence, and the judgment is AFFIRMED.