ESSIE ETTA LANGLEY *vs.* F. W. WOOLWORTH CO.

MAY 20, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J.   This case is heard on defendant's original petition in this court to file in the Superior Court an additional motion for a new trial.   In the Superior Court after a $7,000 verdict for plaintiff, defendant filed a motion for a new trial   It was denied, and exceptions to such action of the Superior Court are now pending in this court.·· The present petition is pursuant to Section 3 of Chapter 347, General Laws, 1923, and is based on alleged evidence newly discovered since the action of the Superior Court above referred to.

Defendant's petition is met by a counter motion of plaintiff to dismiss.

The question raised is whether evidence offered by defendant and said to be newly discovered is legal evidence.

The verdict before referred to was found in favor of Essie Etta Langley for personal injuries resulting from a fall on August 21, 1922, alleged to have been caused by defendant's negligence in permitting peanut shells to remain upon the floor of its department store.

Another suit in the Superior Court brought by Alvin H. Langley, husband of Essie Etta Langley, against defendant

for loss of his wife's services as a result of the same accident is now pending in the Superior Court. From that court and in that case a *dedimus* was issued to take the testimony at Washington, D. C., of the Adjutant General of the United States Army, or of someone to be by him designated. The testimony sought related to facts alleged to be shown by the military record of Alvin H. Langley. Production of Langley's military record before the magistrate acting under the *dedimus* was ordered by a subpœna *duces tecum* from a competent court of the District of Columbia. One Captain Landrum designated by the Adjutant General appeared in response thereto, having in his possession a paper purporting to show such military record. It was not made by the witness nor had he any personal knowledge about it or the facts stated thereon. He only knew that he had taken it from the files of the War Department. Acting under legal advice from that department he refused to permit anyone who was present at the taking of his deposition to see the record. This refusal applied alike to the magistrate, counsel for the defendant and counsel for the plaintiff. The witness testified as to the contents of the record, at times saying he was reading therefrom and at other times stating his interpretation of the symbols thereon. To this proceeding plaintiff objected both on the ground of inadmissibility of any evidence relating to the record and of the manner in which the evidence was being offered. The deposition so taken is offered as a part of defendant's present petition. Petitioner asserts that if this deposition could be presented to the Superior Court a new trial on the question of damages might be granted.

Plaintiff's first objection to the use of the deposition is based upon the United States Selective Service Law and Section 11 of the Regulations established by the President pursuant thereto. She claims that the record is by law confidential and can not be legally produced or used in this case without his consent. This consent has not been secured. We do not feel called upon to pass upon this objection since

the manner of the record's use makes manifest the impropriety of the testimony.

We will assume for the present purpose that the record has been properly identified as that of Alvin H. Langley. Witness was ordered to "produce" such record. "Produce" for purposes of use in a legal hearing does not mean appearance with the document in the witness' possession only. Wigmore on Evidence, 2nd ed., § 1185 says: "Production implies either the *handing* of the writing *to the tribunal* for perusal or, if that is not demanded, at least the reading aloud of the writing by counsel or witness; that a witness, for example, tells about the writing's contents does not suffice even though he has it at the time in his possession in court." See *Mt. Sterling Bank* v. *Bowen*, (Ky.) 43 S. W. 483. Moreover, the record was not only the best but the only evidence of the fact which defendant sought to establish and the rule is unbroken, so far as we have discovered, that whenever a document is used either as original evidence or to refresh a witness' recollection it must be shown to the opponent upon his request for inspection and use in cross-examination. The reason for the rule is to protect against errors and to give an opportunity to verify the exact nature of the document and ascertain its value for the purpose for which it is used. Wigmore on Evidence, 2nd ed., § 753. *Shove* v. *Wyley*, 18 Pick. 558 (1836); *Tibbets* v. *Sternberg*, 66 Barb. 201 (1870); *Volusia County Bank* v. *Bigelow*, 45 Fla. 638 (1903); *McKivitt* v. *Cone*, 30 Ia. 455 (1870); *Chute* v. *State of Minnesota*, 19 Minn. 271 (1872); *Hall* v. *Ray*, 18 N. H. 126 (1846); *Peck* v. *Valentine*, 94 N. Y. 569 (1884). None of these cases relate to public or semi-public records perhaps because such, if produced, are seldom held back from inspection of the tribunal or parties in interest as was the present record. In *Remington* v. *Rhode Island Co.*, 37 R. I. 393, a witness was required to read at the request of the cross-examining counsel an entire report which he was using as a memorandum in order to ascertain whether there was in it a statement conflicting with his testimony then

given. In the present case the witness declined to show the record to, or allow it to be touched by, anyone at the proceeding. The evidence from the witness, therefore, became pure hearsay, in addition to the fact that it was at times his interpretation of statements before him rather than testimony as to what the record contained. This court has refused to permit a town clerk to certify as to the contents of a record as distinguished from certifying to a copy of the record itself, *Hopkins* v. *Millard*, 9 R. I. 37; or to permit a lawyer who has examined land records to testify to the contents of a deed examined by him. *Di Orio* v. *Venditti*, 39 R. I. 101. The original record itself is the best evidence. Testimony such as that offered by the deposition in the present case could not be used in court and consequently could not aid defendant in securing a new trial.

Defendant's petition is denied; plaintiff's motion to dismiss is granted.

*Green, Curran & Hart, Patrick P. Curran, Hoyt W. Lark,* for plaintiff.

*Quinn, Kernan & Quinn,* for defendant petitioner.