IN RE ESTATE OF ARNOLD DOCIUS.

ANNA RAMPENDAHL, Claimant and Appellee, v. CHARLES C. HELMER, Executor, Appellant.

No. 41809.

APRIL 4, 1933.

Salinger, Reynolds & Meyers, for appellant.

E. A. Wissler, for appellee.

STEVENS, J.—Prior to October 26, 1921, Anna Rampendahl resided in Hamburg, Germany. She was then about fifty-six years of age and a widow. On the above date, she arrived at the home of Arnold Docius, a cousin, in Carroll, Iowa, where she continued to reside until the death of Docius about April 14, 1930. In due time she filed a claim against the estate of deceased in which she asked an allowance of $4,400 for personal services alleged to have been rendered as housekeeper during the period between the above dates. Docius was a widower.

The executor answered, denying generally the performance of any services by claimant, and alleging that, if any such services were performed, they were rendered as a member of the family without expectation on the part of either that compensation was to be paid therefor, and that, in any event, full and complete payment of any claim she might ever have had had been fully paid and satisfied.

It is well settled that, where one person performs services for another which are known to, and accepted by, such person, the law implies a promise on his part to pay therefor. In re Estate of Walton, 213 Iowa 104, 238 N. W. 577; Sheldon v. Thornburg, 153 Iowa 622, 133 N. W. 1076. The court in submitting the issues to the jury in this case so instructed.

The rule is also well settled that, where services are rendered as a member of the family, they are presumed to have been rendered without expectation of compensation. The burden in such case rests upon the claimant to prove by the greater weight of evidence a mutual expectation or understanding upon the part of the decedent that he was to pay and, upon the part of the claimant, that she was to receive compensation therefor. In re Estate of Unangst, 213 Iowa 1064, 240 N. W. 618; In re Estate of Philbrick, 197 Iowa 170, 197 N. W. 42. The court so instructed. Thus recovery by claimant was permitted upon either theory, according to the proof offered.

Appellee was permitted without objection to testify that she performed services as housekeeper, without designating for whom during the period indicated. Following this testimony she was permitted to state over proper objection to her competency, under section 11257 of the Code, that she expected to receive compensation for the services performed. The evidence showed without controversy that claimant at all times resided in the home of decedent, and that she performed services as a housekeeper. The witness was clearly incompetent to testify to any fact which was necessary to be proven and which tended to establish an express or implied contract. Ballinger v. Connable, 100 Iowa 121, 69 N. W. 438; Smith v. Johnson, 45 Iowa 308; Ashworth v. Grubbs, 47 Iowa 353; Herring v. Estate of Herring, 94 Iowa 56, 62 N. W. 666; Martin v. Shannon, 92 Iowa 374, 60 N. W. 645; Sheldon v. Thornburg, supra; In re Estate of Newson, 206 Iowa 514, 219 N. W. 305; Cowan v. Musgrave, 73 Iowa 384, 35 N. W. 496.

One of the essential elements which the appellee was required to prove, upon one theory of her case, was that the services were

rendered by her in the expectation of receiving compensation therefor. Manifestly, under the rule previously stated, she was incompetent to so testify.

In the absence of any evidence that the services were performed with the expectation of receiving compensation, appellee would, clearly, not have been entitled to recover as a member of decedent's family. She was not competent, under the statute, to testify to this essential fact. Both theories were submitted to the jury in behalf of appellee, and we cannot say the evidence was not prejudicial.

Other matters are discussed by counsel which are either without merit or are not likely to arise upon a retrial.

It follows that the order and judgment appealed from must be, and it is, reversed.—Reversed.

KINDIG, C. J., and ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.