ALVIN A. ZIEGLER *vs.* PROVIDENCE BILTMORE HOTEL CO.
ANNA P. ZIEGLER *vs.* SAME.
DECEMBER 7, 1937.
PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. These are two actions of the case for negligence brought respectively by Anna P. Ziegler, to recover for personal injuries resulting from a fall on the stairs of the defendant's hotel, and by her husband, Alvin A. Ziegler, to recover consequential damages suffered by reason of such injuries to his wife. The death of the husband was suggested upon the record before trial and Anna P. Ziegler, as administratrix of his estate, was substituted as plaintiff in his case. Both cases were tried together in the superior court before a justice sitting with a jury and, at the conclusion of the evidence, the defendant's motion in each case for a directed verdict in its favor was granted by the trial justice. They are before us on the plaintiffs' exceptions to such rulings. For convenience, we shall consider the cases as one case, in which the wife is plaintiff.

The declaration is in four counts, of which the first and third were not pressed or supported by evidence and therefore need not be considered. The second and fourth counts substantially allege that the defendant was negligent in failing to perform its duty to inspect the stairway and in allowing the same to become wet, slippery and in a dangerous condition; and that the defendant failed in its duty to inspect the stairway and to warn the plaintiff of its wet, slippery and dangerous condition. The sole question presented is whether there is any evidence, considered most favorably to the plaintiff, which reasonably would support a verdict for the plaintiff, based upon the negligence of the defendant as alleged.

The following pertinent facts, relating to the defendant's alleged negligence, appear in the evidence. The plaintiff, accompanied by her husband, went on Saturday, September 29, 1934, to the Providence Biltmore Hotel, operated by the defendant, to have supper. They entered the hotel about 6:30 p. m. through the main entrance which is on the street level. The main stairway is located opposite to, and

a short distance from, the entrance and leads up to the lobby on the first floor above the street. It consists of a flight of twenty steps, ten of them extending from the street floor to a midway landing, and thence ten more similar stairs to the lobby. The stairway is about ten feet wide, having risers and treads made of gray, hone-finished marble. Each tread is about thirteen or fourteen inches deep and has a rounded nosing at the outer edge. There are handrails on each side of the stairway.

On the evening in question, there was no carpet or covering on the stairs themselves and records of the weather bureau in evidence show a more or less steady rainfall between 2 and 8 o'clock, p. m., totaling about 26/100 of one inch. Plaintiff says there was a driving rain when she and her husband entered and then proceeded to ascend the stairs to go to the main dining room. Both noticed that the "stairways were wet from people walking up the stairs", but there is no evidence that either of them then noticed or felt that the stairs were slippery or that either slipped in walking up the alleged wet stairs.

Some hour or so later, after their supper, they came out of the main dining room and began to descend the same stairway, the wife being on her right of the center of the stairs. She was near to, but was not holding, the handrail on her right. They reached the midway landing without any slip or difficulty, where they paused, for some unexplained reason, before continuing.

On about the second stair below the landing, the plaintiff testified that as she put "her right foot out to step down on the next tread" her "foot slipped on the wet tread of the step" and "both feet went from under her and she sat down hard on her spine." She further testified that she did not know that marble was slippery when wet, that nobody had said anything to her at any time about the stairway being slippery, and that there were many in the dining room and

moving in and around the hotel lobby, as was usual on a Saturday night.

The plaintiff also produced testimony by an expert in marble and tile work, that the marble stairway had a hone finish, which makes it smooth, beautiful, and easy to clean; that all marble was more slippery when wet; and that a hone or smooth finished marble was more slippery when wet than marble of a rough finish, but he also added carefully that "you would not use a rough finish for a floor or stairway."

On the other hand, there was evidence on behalf of the defendant which tended to show regular inspection, cleaning and mopping dry of these stairs at fifteen to twenty-minute intervals; that the stair on which plaintiff fell was not wet or slippery when examined immediately after her fall; that the plaintiff seemed to collapse and sit down on that stair rather than to slip and fall; and that the carpet was customarily taken up when daylight-saving time began in April of each year and was put down at its expiration in September; that the work was done by an independent contractor, who previously had been ordered to put down the carpet, and that it was put down the next day, having waited until the fall racing meet was over.

Counsel for defendant contends that there is no legal evidence, even when considered favorably to the plaintiff, which reasonably could warrant the jury in reaching a verdict that the defendant was negligent as alleged, unless the vital gaps in the evidence are filled in by speculation or assumption.

We think that his contention in this regard must be sustained. An examination of the transcript discloses vital gaps in the evidence which cannot be supplied, except by speculation or by assumption of matters not properly in evidence. The jury would be entitled to base its verdict only on the evidence properly before it.

The gravamen of the charge here is the negligence of the defendant in permitting a wet, slippery and dangerous con-

dition on the second stair to continue, without remedy or warning, after the defendant had reasonable notice of its existence, by reason of which the plaintiff, slipped, fell and was injured. There is no claim, or evidence to support one, that there was any improper construction or lack of repair which made the stairs defective and unsafe; nor any claim or evidence that the stairway was improperly lighted.

Counsel for plaintiff contends substantially that the second stair must have been slippery and dangerous because she slipped and fell on it. This reasoning begs the question to be proved and is therefore faulty. She might have fallen because of any of several other causes of which the defendant had no reasonable notice and for which it would not be liable. We have held recently that an invitee's fall on the premises of an invitor is not, of itself, evidence of the latter's negligence in maintaining a floor in an alleged slippery and dangerous condition. See *Faubert* v. *Shartenberg's, Inc.,* 59 R. I. 278.

Counsel also argues that the stair in question must have been slippery because it was wet and because the plaintiff's expert witness testified that all wet marble is slippery. This deduction may be granted, but it does not go far enough to reach the gist of this case. Granting that the evidence and proper inferences therefrom do establish that the second stair, to some undescribed extent, was wet and slippery because of the presence of some foreign substance, nevertheless it was yet insufficient to prove the other essential elements of the defendant's negligence as alleged. It was necessary for the plaintiff to show also by competent evidence that the presence of such foreign substance, whatever it was, produced a slippery, unsafe and dangerous condition on that stair; that such dangerous condition remained long enough to give the defendant reasonable notice, actual or constructive, of its existence; that the defendant, after having such notice, nevertheless negligently failed to remove a danger or warn the plaintiff of its presence; and that such dan-

gerous condition on that stair was the proximate cause of the plaintiff's fall and injury.

But there is a failure in the proof of such additional and essential elements as above mentioned. We have found no evidence to describe the nature, extent or location of the substance, or to show what condition it produced on the stair.

Likewise we find no evidence that the stair, on which she fell, was slippery enough from any cause to warrant reasonably the conclusion that it thereby was rendered unsafe and dangerous to invitees, either at the time she fell or earlier in the evening when she walked up over it without slipping or even noticing that it was slippery.

Moreover, if we infer that the second stair was slippery and dangerous when plaintiff entered the hotel at 6:30 p. m., merely because she testified the stairway was wet from people walking on the stairs, there is still no evidence that such condition on that stair had remained substantially the same until she came out about 8 o'clock p. m., or for any particular length of time. Such evidence is vital to the plaintiff's case in order to establish not only constructive notice to the defendant of the alleged slippery, unsafe and dángerous condition of that stair, but also its failure to reasonably discharge its duty in that regard.

Counsel further argues that it made no difference whether the water on the stair was the same water which was present when she came into the hotel, and that the condition, whatever it was, existed long enough for the defendant to have constructive notice. All wet marble floors or stairs, just as all polished or oiled wooden floors and stairs, can be said to be slippery to the same extent. But it does not follow necessarily or legally from that fact alone, without any further description or location, that the stair was unsafe and dangerous, nor does such fact alone establish reasonable notice to the defendant of its existence and danger therefrom so as

to charge defendant with negligence for failing to remedy the condition or warn the plaintiff of it. If that were not so, it would be negligence *per se* to maintain such stairs or floors at all and the duty of the invitor in such event would become substantially transformed to that of an insurer. However, this is not the law. See *Langley* v. *F. W. Woolworth Co.*, 47 R. I. 165, at 167, 129 A. 1; *Faubert* v. *Shartenberg's, Inc.*, *supra; Tembrink* v. *F. W. Woolworth Co.*, 153 A. 245 (R. I.).

Counsel for the plaintiff calls our attention to certain cases including *Chisholm* v. *S. S. Kresge Co.*, 55 R. I. 422, 182 A. 4, and *Minutilla* v. *Providence Ice Cream Co.*, 50 R. I. 43, 144 A. 884 and some from other jurisdictions which he claims supports his contention on the inferences to be drawn. An examination of these cases, however, indicates that all of them had more evidence and established facts from which proper inferences could be drawn to prove the essential elements of the plaintiff's allegation of negligence against the defendant. In the instant case, there is a failure of proof of certain elements as above shown. The plaintiff is entitled of course to have inferences drawn in her favor, but they must be reasonably based on other facts established in evidence and not be based merely on conjecture or on other inferences.

Counsel further cites a statement of the trial justice in granting the defendant's motion to the effect that he was granting the motion because he would be unable to sustain the verdict if the jury had brought one in for the plaintiff. On a motion to direct, the trial justice is not entitled to pass upon the credibility of the witnesses nor the weight of the evidence. *Young* v. *Young,* 56 R. I. 401, 185 A. 901; *Gallo* v. *Simpson Spring Co.*, 55 R. I. 410, 181 A. 915; *Horaho* v. *Wanelik,* 56 R. I. 193, 184 A. 323.

We have examined the transcript, however, and find that it is only a short reference in many pages of argument and colloquy between court and counsel. It does not fairly rep-

resent the meaning or the reasoning which prompted the trial justice to grant the defendant's motion. Even if it did, the question before us is whether there is any legal evidence on the questions at issue, rather than what the trial justice may have had in his mind or have said about his granting the motion.

We are of the opinion that, without such speculation or assumption, there is no reasonable view of the evidence which shows any slippery and dangerous condition of the second stair below the landing, and any negligence by the defendant in permitting such a condition to continue after reasonable notice thereof, without using reasonable means to remedy such condition or to warn the plaintiff of the danger therefrom, or which shows that such condition and such negligence were the proximate cause of the plaintiff's fall.

The plaintiff's exception is therefore overruled and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Littlefield, Otis & Knowles, Fred A. Otis, John C. Knowles,* for plaintiffs.

*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.