**Bella MORGERA**

v.

**The HANOVER INSURANCE COMPANY.**

**No. 94–349–Appeal.**

Supreme Court of Rhode Island.

March 31, 1995.

Earl Pasbach, East Providence.

Madeline Quirk, Providence.

### ORDER

This matter came before the Supreme Court on March 13, 1995, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant, Hanover Insurance Company, has appealed from a Superior Court order granting the new trial motion of plaintiff, Bella Morgera.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues raised in this appeal will be decided at this time.

The plaintiff was involved in a motor vehicle collision with an uninsured motorist on January 16, 1990. She brought suit against her uninsured motorist insurance carrier, Hanover Insurance, seeking damages for her injuries. A Superior Court jury trial was held and the jury rendered a verdict in favor of Hanover Insurance finding that the uninsured motorist was not guilty of negligence which was the proximate cause of the accident. The plaintiff moved for a new trial and the motion was granted by the trial justice.

In considering a motion for a new trial the trial justice must consider, in the exercise of his independent judgment, all the material evidence in the case, in the light of his charge to the jury and pass on its weight and the credibility of the witnesses, determine what evidence is believable, and, decide whether the verdict rendered by the jury responds to the evidence presented and does justice between the parties. In ruling on a motion for a new trial if his or her independent judgment persuades the trial justice that the verdict is wrong because it fails to respond truly to the merits and to administer substantial justice between the parties or is against the fair preponderance of the evidence, he should set aside the verdict and order a new trial. *Cartier v. State,* 420 A.2d 843 (R.I.1980).

In this case the trial justice reviewed the evidence and the testimony that was presented, and assessed the credibility of the various witnesses. He considered the physical facts and decided that the verdict did not respond to the evidence presented. For that reason he granted a new trial. Our review of the record presented persuades the court that the trial justice met his responsibilities and discharged them appropriately.

For these reasons we affirm the trial justice's granting of the motion for a new trial. We deny and dismiss this appeal, and we remand the papers to the Superior Court for further proceedings.