Barbara D. MORROCCO et al.

v.

Joseph A. PICCARDI et al.

No. 95–28–Appeal.

Supreme Court of Rhode Island.

April 16, 1996.

Susan McGuirl, Lauren Jones, Providence, for Plaintiff.

Anthony Giannini, Jr., Providence, for Defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court for oral argument on March 1, 1996, pursuant to an order that directed both parties to show cause why the cross-appeals of the parties should not be summarily decided. The plaintiffs, Barbara D. and Daniel Morrocco, have appealed from the trial justice's grant of a new trial to the defendants, Joseph and Joan Piccardi and Piccardi Construction Company. The defendants have appealed from the trial justice's denial of their motion for a directed verdict in this slip-and-fall case.

After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel, this Court concludes that cause has not been shown, and thus the case will be summarily decided.

The plaintiffs filed a complaint on February 14, 1989, alleging that they signed a purchase and sale agreement in the fall of 1984 for a house that was to be constructed by defendants. According to plaintiffs' complaint, defendants negligently constructed the driveway to the house, which negligent construction caused drainage problems that resulted in the formation of ice on the driveway in cold weather. Barbara Morrocco testified that she made many telephone calls to defendant Joseph Piccardi to ask that he correct this "dangerous situation." She further testified:

"If I had to go out for any reason, I would put down kitty litter out in the yard and * * * Danny would put down rock salt on the driveway if it was bad. Normally * * * the ice would melt by the time I went outside."

On February 20, 1986, a neighbor, Sandra Stickle (Stickle), was visiting plaintiffs' home. Knowing Stickle was pregnant and concerned about the condition of the driveway, Barbara Morrocco escorted Stickle to her car. While making her way back to the house, Barbara Morrocco slipped on the ice and sustained serious injuries.

At the close of plaintiffs' case, defendants moved for a directed verdict. The trial justice later denied the motion, stating that although "assumption of the risk is a real question, I think it is going to be for the jury." The jury returned a verdict for plaintiffs, finding that Barbara Morrocco had not assumed the risk, and it attributed 15 percent of the total negligence to Barbara Morrocco. The trial justice granted defendants' motion for a new trial, after determining that the jury's verdict was against the weight of the evidence and that Barbara Morrocco had assumed the risk that she would fall when she walked on the icy driveway.

In passing on a motion for directed verdict, the trial justice does not weigh the evidence or consider the credibility of the witnesses but, rather, reviews the evidence in the light most favorable to the party against whom the motion has been made and extracts from the record only those reasonable inferences that support the position of the nonmoving party. *Powers v. Carvalho,* 117 R.I. 519, 524, 368 A.2d 1242, 1246 (1977). If, after so viewing the evidence, the trial justice finds issues upon which reasonable persons might draw conflicting conclusions, the motion should be denied. *Id.* at 524–25, 368 A.2d at 1246. In reviewing the trial justice's decision on such a motion, this Court is bound by the same rules and applies the same analysis as the trial justice. *Id.*

This Court will affirm a trial justice's decision on a motion for a new trial as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong. *International Depository, Inc. v. State,* 603 A.2d 1119, 1123 (R.I.1992). On the basis of the evidence in the record before this Court, we are of the opinion that the trial justice acted properly both in denying the defendants' motion for a directed verdict and in granting the defendants' motion for a new trial.

Consequently, we deny and dismiss the cross-appeals of the parties and remand the case to the Superior Court for a new trial in accordance with the order of the trial justice.

FLANDERS, J., did not participate.