**Richard COLLINS and Kelly Collins**

v.

**Geraldine MAZZEO and James R. Mazzeo.**

**No. 96–249–Appeal.**

Supreme Court of Rhode Island.

Nov. 14, 1997.

Carolyn R. Barone, Warwick.

Dennis D. Bossian, Providence.

**ORDER**

This case came before a panel of the Supreme Court on October 21, 1997, pursuant to an order that directed the parties to show cause why we should not summarily decide this appeal by the defendants, Geraldine Mazzeo and James R. Mazzeo, from a Superior Court order granting the motion for a new trial of the plaintiffs, Richard Collins and Kelly Collins.

After hearing the arguments of counsel and reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

Following a March 4, 1989 automobile accident, plaintiffs brought suit to recover for personal injuries allegedly resulting when defendants' vehicle struck plaintiffs' vehicle. The jury returned its verdict at the conclusion of the trial but the foreman's oral response to the first interrogatory differed from the jury's written response on the interrogatory form. Subsequent individual juror polling resulted in consistent oral responses, but the oral responses differed from the written responses which found that plaintiffs were predominantly liable for the accident. No provision was made for a monetary award. The plaintiffs' motion for a new trial was granted, and this appeal followed.

The defendants argued that sufficient evidence existed to sustain the jury's written verdict. They contended that the trial justice erred in granting a new trial in failing to consider material evidence in light of the charge to the jury and in failing to articulate the basis of his ruling on the record.

In order to grant a motion for a new trial, the trial justice must find that the jury verdict is "clearly wrong because it fails to respond truly to the merits of the controversy, fails to administer substantial justice, and is against the fair weight of the evidence." *Izen v. Winoker,* 589 A.2d 824, 828–29 (R.I. 1991). In so doing, the judge acts as a "superjuror" and independently evaluates the weight and credibility of the evidence in light of the charges to the jury. *Id.* at 828. If reasonable minds could have differed in respect to the outcome, the jury verdict must stand. *Id.*

Our standard of review of the granting of such a motion is well settled. This Court will not disturb such a determination "as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong," *Morrocco v. Piccardi,* 674 A.2d 380 (R.I.1996). To permit our review, the trial court must provide an adequate record reflecting the evidence that was taken into

consideration, *Pearce v. International Display Corp.*, 526 A.2d 501 (R.I.1987), and making some reference to the motivation behind the court's decision. *DiBiasio v. Brown & Sharpe Mfg. Co.*, 525 A.2d 489 (R.I.1987). An exhaustive analysis on the record is not required. Here, the record reflects that the trial justice reviewed the evidence, evaluated inconsistencies between the jurors' written responses to the interrogatories and their oral responses to the polling, and then concluded that the verdict was clearly wrong. Because the trial justice properly performed the required analysis before granting the new trial motion, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which we remand the papers in the case.

FLANDERS and GOLDBERG, JJ., did not participate.