**Jean KELLY**

v.

**RHODE ISLAND PUBLIC TRANSIT AUTHORITY and Kinley Jones, Alias.**

**No. 97–48–Appeal.**

Supreme Court of Rhode Island.

Nov. 26, 1997.

John D. Lynch, Warwick; Karen Lynch Bernard.

James E. Kelleher, Warwick.

**ORDER**

This case came before the Supreme Court on November 18, 1997, pursuant to an order that directed both parties to show cause why the issues raised by this appeal should not be summarily decided. The defendants, Rhode Island Public Transit Authority (RIPTA) and Kinley Jones (Jones), have appealed a Superior Court order granting the plaintiff's motion for a new trial.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, we conclude that cause has not been shown, and the case will be decided at this time.

On or about June 8, 1995, Jean Kelly (plaintiff or Kelly), then 77 years of age was struck and injured by a RIPTA bus operated by Jones in the city of Cranston. Among the injuries sustained by plaintiff was a crushing of her left leg resulting in its partial amputation. On August 24, 1995, plaintiff filed a complaint in the Superior Court alleging that defendants breached a duty of care owed to her and that her injuries were the direct and proximate result of defendants' negligence.

Following a jury trial, a verdict for defendants was entered on September 10, 1996. The plaintiff filed a motion for a new trial on September 11, 1996, claiming, inter alia, that the jury's verdict was "against the law and the evidence and the weight thereof." Following a hearing, the trial justice granted plaintiff's motion on September 23, 1996. The defendants filed a timely appeal to this Court on September 30, 1996.

In *Morgera v. Hanover Insurance Co.*, 655 A.2d 698, 698 (R.I.1995), this Court succinctly articulated the well-settled role of the trial justice in ruling upon a motion for a new trial based on the alleged inadequacy of the evidence.

"[T]he trial justice must consider, in the exercise of his independent judgment, all the material evidence in the case, in the light of his charge to the jury and pass on its weight and the credibility of the witnesses, determine what evidence is believable, and, decide whether the verdict rendered by the jury responds to the evidence presented and does justice between the parties. In ruling on a motion for a new trial if his or her independent judgment persuades the trial justice that the verdict is wrong because it fails to respond truly to the merits and to administer substantial justice between the parties or is against the fair preponderance of the evidence, he should set aside the verdict and order a new trial. *Cartier v. State*, 420 A.2d 843 (R.I.1980)."

Moreover, it is well-established that this Court will affirm a trial justice's decision on a motion for a new trial "as long as the trial justice conducts the appropriate analysis, does not overlook or misconceive material evidence, and is not otherwise clearly wrong." *Morrocco v. Piccardi*, 674 A.2d 380, 382 (R.I.1996) (per curiam) (citing *International Depository, Inc. v. State*, 603 A.2d 1119, 1123 (R.I.1992)).

In ruling on plaintiff's motion, the trial justice observed that the evidence established that plaintiff was struck by the right front tire of the bus and that Jones, with the aid of mirrors, "[could] see the entire right hand side of the bus from the front of the bus to the rear of the bus at least within a couple of feet of the bus." In addition, several witnesses, including another RIPTA bus driver and a passenger seated behind Jones, saw plaintiff at the right front end of the bus prior to her being struck. The trial justice concluded that the jury "failed to consider" that, given the evidence, plaintiff "should have been observed if [Jones] were proceeding with appropriate care for the circumstances." The trial justice reasoned that:

"the jury had to engage in speculation to say on the one hand that Mr. Jones is wholly obsolved [sic] of any responsibility for this collision; and number two, that one hundred percent of the fall lies with Miss Kelly. Therefore, I do not think that substantial justice was done between the parties. * * * I can say one thing with complete solace of my own conscience, and that is in looking at the testimony and assessing the credibility of the witnesses here and weighing the evidence and drawing reasonable inferences, no reasonable juror should be able to say that Mr. Jones was one hundred percent without fault."

Our review of the record before us revealed that the trial justice neither overlooked or misconceived material evidence, nor was he clearly wrong in his decision to grant the plaintiff's motion for a new trial. We therefore deny and dismiss the defendant's appeal and affirm the order of the

Superior Court to which we remand the papers in this case.

WEISBERGER, C.J., and FLANDERS, J., did not participate.