Phyllis ADESSI,

v.

Pasco MARANDOLA, et al.

No. 96–335–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 1997.

Seth A. Perlmutter, Cranston.

Michael McAteer, Providence.

## ORDER

This case came before the Supreme Court for oral argument on November 12, 1997, pursuant to an order directing both parties to appear and show cause why the issue presented by this appeal should not be summarily dismissed. After studying the parties' memoranda and hearing their arguments we perceive no cause and shall therefore proceed to decide this matter at this time. The plaintiff, Phyllis Adessi (Adessi), appeals from a Superior Court judgment entered as a matter of law in favor of the defendants, Pasco Marandola and Jenny Marandola (Marandolas), following a jury verdict for Adessi. The pertinent fact are as follows.

Adessi was residing in the second floor apartment of the Marandolas' tenement house. On the afternoon of June 20, 1992, Adessi left her apartment and descended the stairs. As Adessi stepped off the final stair and onto the linoleum landing in front of the Marandolas' door, she slipped and fell on a loose scatter rug. As a result of the fall, Adessi suffered a seriously broken ankle requiring surgery. During the two-day jury trial Adessi maintained that the surface became slippery because the combination of a waxed floor and a worn scatter rug that was not affixed to the floor caused the rug to slide when she stepped on it. Mrs. Marandola testified that she waxed the landing every four or five months. Furthermore, Mr. Marandola stated he was aware that if the linoleum was indeed waxed it could present a dangerous situation and for this very reason he had previously requested that his wife stop waxing the floor. Viewed in the light most favorable to the plaintiff the evidence also supported a conclusion that the area rug in front of the Marandolas' door was worn, its backing was also worn and it was not fastened to the floor.

The jury found the Marandolas to be negligent and returned a verdict for Adessi in the amount of $50,000. Following the verdict the trial justice, who had previously reserved decision on the Marandolas' motion for judgment as a matter of law, granted the motion and entered judgment for the Marandolas on March 21, 1996. At the hearing the trial justice found the testimony on the issue of negligence confusing. Specifically, the trial justice stated "[w]as it the claim of the plaintiff that the defendant was negligent because of * * * maintaining a slippery floor? Or was it the contention of the plaintiff that the mat was not affixed to the floor so that it would slide on the waxed surface if stepped upon?" Thereafter, the trial justice granted the Marandolas' motion and found that "[n]ot having the mat affixed to the floor is in and of itself not negligence. Waxing a floor occasionally is not negligence. * * * I cannot find as a matter of law that the defendants in any way were negligent." Adessi appealed.

In passing on a motion for judgment as a matter of law, the trial justice neither considers the credibility of witnesses, nor weighs the evidence. See Morrocco v. Piccardi, 674 A.2d 380, 382 (R.I.1996). It is not the function of the trial justice to make any findings of fact when ruling on a motion for judgment as a matter of law. On the contrary, the trial justice must view the evidence in the light most favorable to the non-moving party and resolve all reasonable inferences in his or her favor. Id. On appeal, this court is bound by the same rules and analysis as the trial justice. Id. Applying this standard we conclude that Adessi presented sufficient evidence upon which reasonable persons could find negligence on the part of the defendants in creating a dangerous situation consisting of a waxed linoleum floor and a loose and worn scatter rug placed on a staircase landing. We therefore conclude the trial justice was clearly wrong in granting the Marandolas' motion for judgment as a matter of law.

To prove negligence it was incumbent on Adessi to present competent evidence that the presence of a foreign substance produced a slippery, unsafe, and dangerous condition; that this condition existed long enough to give the defendant reasonable notice; that after having notice the defendant nevertheless failed to remove the danger or warn of it; and that such dangerous condition was the proximate cause of the plaintiff's fall and injury. *See Ziegler v. Providence Biltmore Hotel Co.,* 59 R.I. 326, 330–31, 195 A. 397, 399 (1937).

Here, the trial justice's conclusion that Mrs. Marandola never waxed the floor was erroneous and not supported by Mrs. Marandola's own testimony that she waxed the floor every four or five months. Furthermore, Mr. Marandola acknowledged that if the stairs and the landing were waxed it could result in a dangerous condition. Moreover, Adessi testified, and the evidence demonstrates, that the waxed landing contributed to her injuries. Therefore, the trial justice erred in granting the motion for judgment as a matter of law.

For the foregoing reasons we conclude the plaintiff's appeal should be sustained and the judgment of the Superior Court reversed. The papers in this case are to be remanded to the Superior Court so that judgment may be entered in favor of Adessi in accordance with the jury verdict.