FRANCIS BLAKENEY *vs.* ASSOCIATED SUBDIVISIONS, INC.
NOREEN BLAKENEY *vs.* ASSOCIATED SUBDIVISIONS, INC.

NOVEMBER 27, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. These are two actions of trespass on the case for negligence, one brought by a married woman to recover for injuries alleged to have been sustained while on the defendant's land and the other by her husband to recover consequential damages. These cases were tried together to a justice of the superior court sitting without a jury, who thereafter gave decision to the plaintiff wife in the amount of $3,000 and to the plaintiff husband in the amount of $862. From the decisions the defendant has prosecuted its bills of exceptions to this court.

It appears that defendant was the owner of a large tract of land located in the city of Cranston and during the summer of 1954 was engaged in developing it for sale as home sites. The defendant's sales manager, Lester S. Toll, Jr., testified that late in July of that year the tract was in the predevelopment stage, some rough roads having been opened and the land partially cleared. He stated that the tract "was all virgin land, had never been developed, and

the whole area had rabbit holes or woodchuck holes" and that such holes were "very common in the area."

The evidence discloses that on July 29, 1954 plaintiff Noreen Blakeney and her husband Francis Blakeney visited the tract for the purpose of inspecting certain lots that had been offered for sale by defendant. There they were met by Robert E. Anderson, its salesman, who drove them in his automobile to the location of a lot that he desired them to inspect. Upon arriving at the site of this lot, the Blakeneys alighted from Mr. Anderson's car, and at that time defendant's sales manager, Mr. Toll, arrived and assisted Mrs. Blakeney to climb up a small bank to the surface of the lot. The evidence is uncontradicted that while this lot had been partially cleared of trees and underbrush, portions of it were still covered by low brush about ten inches high.

It appears that the group had been at the edge of the lot for a brief time when Mr. Anderson, at the direction of Mr. Toll, began to walk toward the rear of the lot seeking to locate a boundary stake that was concealed in the underbrush. Mr. Toll testified that during that time he had advised Mrs. Blakeney "to be careful because she had very high heels on," and Mr. Anderson testified that he had suggested that Mrs. Blakeney "not walk on the property, or through the property, because of the condition of the ground with her high heels." This testimony was contradicted in part by that of Mr. Blakeney, who answered, "No, sir," to the question, "Did the salesmen at any time advise you to be careful in any manner?" It is not disputed that as Mr. Anderson was making his way toward the rear of the lot Mrs. Blakeney began to walk into the lot, her testimony being that she "was following slowly trying to watch my step because of so much unevenness." It was at that time that she stepped into the hole and fell to the ground.

The defendant asserts that the trial justice erred in holding that the duty of defendant with respect to the safety

of those entering its property at its invitation was that of an insurer. The defendant notes correctly that in *Stapleton* v. *Hyman,* 69 R. I. 466, this court held that a landowner is not an insurer of the safety of those who at his invitation enter upon his property and that he is under no duty to exercise more than reasonable care to discover and correct dangerous conditions existing on the land to which the invitation applies. This court has repeatedly affirmed the view that a landowner is under a duty to exercise only that degree of care for the protection of those who enter upon his land at his invitation as would be exercised in the same or similar circumstances by persons of reasonable prudence.

The defendant, as we understand it, does not claim that the trial justice in express terms stated its duty to these invitees to be that of an insurer but argues that such view is clearly implied in his statement that defendant's knowledge or lack of knowledge as to the existence of the hole was unimportant. The defendant argues that this language clearly discloses the view of the trial justice that it was liable for injuries to its invitees sustained by reason of a dangerous condition on the land concerning which it was without either actual or constructive notice and thus, in effect, held its duty to be that of an insurer. We cannot agree with this interpretation of the language of the trial justice. We do agree that the liability of a landowner for injuries sustained by an invitee on his premises requires a showing that the landowner had either actual or constructive notice of the dangerous or defective condition. *Ziegler* v. *Providence Biltmore Hotel Co.,* 59 R. I. 326. To hold that a landowner is liable without such notice, either actual or constructive, would impose upon him indeed the duty of an insurer.

However, when the decision of the trial justice is read in its entirety, it becomes clear that he did not impose the duty of an insurer on defendant. It is clear therefrom that he was imposing on defendant only the duty of reasonable

care and in passing upon that issue stated that its knowledge of the existence of the particular hole into which plaintiff wife stepped was without relevance. It is our opinion that in the state of the evidence here he did not err in stating that defendant's knowledge concerning the existence of the particular hole was of no importance.

It appears from such evidence that a large parcel of land was in the process of being prepared to be offered for sale as home sites. This land had been subjected to no prior preparation for such use and at the time under consideration had been no more than roughly cleared and graded. The defendant's employees testified that the holes of small burrowing animals were common in the area and at the time the lot under consideration was still covered partially by a low growth of underbrush. This being the state of the evidence, the trial justice was stating that defendant had actual notice that the land it was developing contained a number of small holes made by burrowing animals which remained more or less concealed in the underbrush and that the existence of these holes constituted a dangerous condition of which at the time of its invitation it had actual knowledge. In this circumstance its knowledge as to the existence of a particular hole was without relevance to its duty to exercise reasonable care in maintaining the premises in a condition safe for its invitees.

There remains the contention of defendant relating to the finding of the trial justice that Mrs. Blakeney was not contributorily negligent in entering the lot. It argues, first, that Mrs. Blakeney as a mature adult either knew or reasonably should have known that the land in its condition would contain holes made by burrowing animals and that to have entered therein while wearing high-heeled shoes would constitute contributory negligence as a matter of law. We are unable to agree. The question of contributory negligence is usually one of fact. The conduct of plaintiff wife here would have been held to amount to contributory

negligence in law only if the situation were such that a person of ordinary prudence involved therein would instantly perceive that which he should do or refrain from doing. *Pierce* v. *New England Telephone & Telegraph Co.*, 86 R. I. 326, 333. There is in the record in the instant case no evidence that plaintiff wife had knowledge of the existence in the land of holes resulting from the burrowing of small animals.

The defendant contends also that the finding of plaintiff wife's freedom from contributory negligence was contrary to the weight of the evidence, this contention being, as we understand it, that the testimony of Mr. Anderson that he cautioned her not to walk on the property was uncontradicted and therefore should have been controlling on that issue. We are of the opinion that, in the first place, the testimony of Mr. Anderson was contradicted at least inferentially by the testimony of Mr. Blakeney. Beyond that, however, the trial justice himself impeached the testimony of Mr. Anderson because in his opinion its probative force was vitiated by the absence of corroboration on the part of Mr. Toll, who was present during the conversation to which Mr. Anderson referred. If the language of the trial justice which relates to the reasons for his impeachment of the testimony of Mr. Anderson is lacking in clarity, his purpose to impeach that testimony remains clear. In such circumstances we must note that the parties elected to submit this cause to a justice of the superior court sitting without a jury on the law and fact issues involved therein. That being so, his findings of fact on conflicting evidence will be given great weight by this court and will not be disturbed unless clearly wrong. *Sal's Furniture Co.* v *Peterson*, 86 R. I. 203.

We are of the opinion that there is a conflict in the evidence here as it relates to the care that Mrs. Blakeney exercised for her own safety in entering upon the lot. She testified that she was following Mr. Anderson, walking

slowly and watching the ground because of its uneven surface. It could be inferred reasonably from this testimony that she had been exercising that degree of care for her own safety that a prudent person would exercise in the same or similar circumstances. We are unable to perceive that the trial justice either overlooked or misconceived any material evidence or that he misconceived any of the applicable law, and therefore we are unable to say that he was clearly wrong in finding the plaintiff wife to be free from contributory negligence.

The defendant's exceptions in each case are overruled, and each case is remitted to the superior court for entry of judgment on the decision.

*Edward I. Friedman, Howard I. Lipsey,* for plaintiffs.

*James F. Murphy,* for defendant.