DOUCET, Judge.
Plaintiffs, Eugene Mitchell and Evelyn Mitchell, husband and wife, instituted this suit seeking damages from defendants, South Central Bell Telephone Company and its employee Marvin A. Lester, alleging the latter’s negligence in making an improper left turn which resulted in damage to the automobile operated by Mrs. Mitchell to the extent that six days later, while operating the same vehicle, the left door came open and Mrs. Mitchell fell from the vehicle and sustained substantial injuries. The trial *878 judge found that the collision between the Mitchell and telephone company vehicles was the proximate cause of the subsequent accident and injury and further found the plaintiff free from fault. From that judgment, defendants appeal. We affirm.
The evidence presented at trial led the district court to conclude that Marvin A. Lester, as an employee of South Central Bell Telephone Company, was negligent in making a left turn on March 3, 1981, colliding with the vehicle driven by Evelyn Mitchell and, as a result thereof, there was substantial damage done to the Mitchell vehicle, particularly the left frame horn and front door on the driver’s side. No personal injuries resulted from this accident. The impact was such that, following the accident, the left door to the Mitchell vehicle could only be closed by lifting the door and pushing it in. Thereafter, Mrs. Mitchell took the vehicle to three car dealerships for the purpose of securing repair estimates.
Six days after the aforesaid accident while en route to an automobile dealership to order parts, the plaintiff, Evelyn Mitchell, was driving the same vehicle on Texas Street in the city of Natchitoches when the damaged door came open without any warning and Evelyn Mitchell fell out of the automobile and was seriously injured.
A disinterested witness, Patricia Booty, testified that she was on Texas Street and saw this accident happen. According to Mrs. Booty’s testimony, Evelyn Mitchell was heading west on Texas Street when the left door of her vehicle came open and the car ran off the road and Mrs. Mitchell fell out, rolled some twenty to thirty feet before rolling into a drainage ditch which was filled with mud and water. Mrs. Booty testified that the weather was extremely cold on that day and despite this fact Evelyn Mitchell remained in the cold water and mud for approximately twenty minutes before the police arrived and pulled her from the ditch. Mrs. Booty testified that she went directly to the edge of the deep canal in which Evelyn Mitchell was lying and called out to her to find out if she was conscious. At the time Mrs. Mitchell was face down in the mud and water but raised her head to verify that she was conscious, however, she advised Mrs. Booty that her back was hurting too bad for her to move.
The investigating officer, Joseph S. Bros-sett testified that when he arrived on the scene he found Mrs. Mitchell in a deep ditch of water and “she was freezing”. He testified that he could not talk to her at the scene of the accident because she was in no shape to talk. He further testified he removed her from the muddy ditch as opposed to her moving from the ditch under her own power.
Dr. C.E. Cook, the treating physician for Evelyn Mitchell, saw her on March 9, 1981 at approximately 11:00 a.m. at which time she advised him that she had fallen out of her car as a result of the door coming open due to a malfunctioning latch. Dr. Cook saw Evelyn Mitchell on an emergency basis and found her to have bruises, contusions and a compression fracture of one of the dorsal vertebrae. Dr. Cook further testified that this type of compression fracture causes the peristalsis of the intestines to stop with a resulting buildup of intestinal gas which leads to gas-associated pain. Dr. Cook hospitalized Evelyn Mitchell for 8 or 9 days for bed rest then fitted her with a back brace. Following her discharge from the hospital Evelyn Mitchell was seen on a regular basis by Dr. Cook until August of 1982 or for a period of 17 months and she was still suffering with neck and back pain as of the last visit. Dr. Cook was convinced her complaints of pain were sincere.
The trial court concluded that the sole and proximate cause of the accident and the resulting injuries to Evelyn Mitchell was the negligence of Marvin A. Lester whose negligence is imputed to his employer, South Central Bell Telephone Company under the theory of respondeat superior.
With regard to damages, the trial court noted that the plaintiff Evelyn Mitchell suffered severe pain and fright at the time of the injury in that she fell out of her car and rolled some twenty to thirty feet across pavement and gravel and tumbled into a *879 deep, muddy ditch which was filled with cold water. She laid there in severe pain for a period of twenty to twenty-five minutes before being removed. She was then hospitalized for a period of 8 to 9 days and upon being released she suffered back and neck pain for a period of at least 17 months. She was not afforded adequate relief as a result of wearing her back brace and in fact had to be taken out of the back brace because it was more painful than the condition for which it was prescribed. In addition, she had severe gas pains and did not respond well to her medication. Doctor Cook was of the opinion that perhaps her pain medication had caused the peptic ulcer which she was later afflicted with. Accordingly, the trial judge entered a general damage award against South Central Bell and its employee Marvin A. Lester, in soli-do, in the amount of $15,000.00. In addition, there was a judgment in favor of the community of acquets and gains existing between Evelyn Mitchell and her husband Eugene Mitchell for special damages in the amount of $3,054.14.
The defendant’s appeal is premised upon three assignments of error, to wit: (1) The trial judge erred in finding that Marvin Lester’s negligence on March 3, 1981, was cause in fact of plaintiff’s injuries occurring on March 9, 1981; (2) The trial court erred in finding the defendant was under a legal duty to protect plaintiff against said risk following the first accident; and (3) The trial judge erred in finding the plaintiff was not contributorily negligent and/or assumed the risk of her injuries.
In Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), the following duty-risk analysis was set forth:
(1) Was the conduct complained of a cause in fact of the harm?
(2) Was the defendant under a legal duty to protect against the particular risk involved?
(3) Was the defendant’s conduct negligent?
(4) Was the plaintiff damaged as a result?
Accord: U.S. v. M/V Big Sam, 454 F.Supp. 1144 (La.D.C.1978).
Regarding the causal relationship required between the harm to the plaintiff and the defendant’s alleged negligent conduct, if the plaintiff can show that she probably would not have suffered the injury complained of but for the defendant’s conduct, she has carried her burden of proof relative to cause in fact. Lear v. U.S. Fire Ins. Co., 392 So.2d 786 (La.App. 3rd Cir.1980).
Not all risks are excluded from the scope of duty simply because they are un-forseeable. Hill v. Lundin & Associates, Inc., supra.
The plaintiff would not have suffered the injury complained of but for the conduct of the defendants. We agree with the trial judge that plaintiff carried her burden of proof relative to cause and fact and that the defendant’s duty extended to the risk encountered. The record is devoid of any evidence that plaintiff was aware the door might open when the automobile was driven under conditions of normal use. The testimony of Mrs. Mitchell indicates she had experienced difficulty in opening and shutting the door, however, once closed the door had never opened while being driven and she had no reason to believe it would do so. In this regard, the trial judge found as fact that Mrs. Mitchell operated the vehicle in an ordinary and prudent manner and we discern no abuse of discretion in this factual conclusion. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Furthermore, we find that Mrs. Mitchell’s actions in driving the car, in the condition it was following the first accident, to be reasonable. The plaintiff was acting in accordance with the defendant’s instructions when she proceeded to get the vehicle repaired. There is no proof that Mrs. Mitchell possessed knowledge of the risk posed when she acted in accordance with the defendant’s request. In addition, there is no evidence that the door was *880 defective prior to the March 3, 1981 accident.
For the reasons assigned hereinabove, the judgment appealed is affirmed at appellant’s cost.
AFFIRMED.