476 So.2d 570 (1985)
Goldie Mae JOHNSON, et vir., Plaintiffs-Appellees,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY, et al., Defendants-Appellants.
No. 84-725.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
Writ Denied December 13, 1985.
*571 Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendants-appellants.
James D. Davis, Alexandria, for plaintiffs-appellees.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
Plaintiff, Goldie Mae Johnson, was awarded $15,925.40 by the trial judge in a negligence action against the defendant, Entex, Inc., as a result of injuries she received when the heel of her shoe got caught in a hole drilled in a sidewalk by Entex in Oakdale, Louisiana. Entex and its insurer appeal raising issues as to its fault, the fault of the plaintiff, and the amount of the award. We find no error. We affirm.
The facts are relatively simple and not in dispute. On the morning of October 29, 1981, Goldie Mae Johnson went shopping in Oakdale, Louisiana. She was wearing boots with 2½ to 3 inch spiked heels. As she was walking along the sidewalk in front of some stores her left heel went into a hole causing her to fall on her hands and knees. She did not see the hole before the fall. After the fall she noticed three to five holes had been drilled in the sidewalk about a foot apart. There were no warning signs. She suffered an injury to her right knee.
The defendant, Entex, Inc., had previously drilled these holes in the sidewalk for the purpose of checking for gas leaks. The holes were ¾ to one inch in diameter. Entex was not certain of the date that the holes had been drilled in the sidewalk. It had attempted to plug the holes with cement but the cement had sunk down in some of the holes. The company received a complaint concerning the holes on October 29, 1981, presumably from Mrs. Johnson, and the holes were replugged that afternoon.
Mrs. Johnson and her husband filed suit against the City of Oakdale, Entex, Inc., and its insurer Hartford Accident & Indemnity. The trial court dismissed the city, and found Entex at fault and Mrs. Johnson not at fault. No appeal was taken from the dismissal of the city. Only Entex and Hartford have appealed.
The duty-risk analysis in determining whether a particular defendant is guilty of negligence is well entrenched in our law as a result of Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), and its progeny. The duty-risk analysis involves the following inquiries.
The first is one of causation. There must be a causal relationship between the harm to the plaintiff and the defendant's alleged conduct. Once the plaintiff proves that the action of the defendant was a substantial cause in fact of the accident, it must then be ascertained whether the defendant had a duty to protect against the particular risk of harm and whether that duty was breached. Hill v. Lundin, supra.
In Mitchell v. South Cent. Bell, 442 So.2d 876 (La.App. 3rd Cir.1983) this court stated:
"Regarding the causal relationship required between the harm to the plaintiff and the defendant's alleged negligent conduct, if the plaintiff can show that she probably would not have suffered the injury complained of but for the defendant's conduct, she has carried her burden of proof relative to cause in fact. Lear v. U.S. Fire Ins. Co., 392 So.2d 786 (La.App. 3rd Cir.1980)."
In the present case it is clear that plaintiff would not have suffered the injury complained of, a trip and fall, but for the conduct of the defendant, Entex, in drilling the holes.
*572 The defendants argue that the presence of the small holes did not create an unreasonable risk of injury, and that therefore the defendants were under no duty to protect against the injurious consequences. The defendants rely on the case of Shipp v. City of Alexandria, 395 So.2d 727 (La. 1981).
In Shipp, the plaintiff, while walking back to her car, stepped off the curb into the street. As she did, her left foot landed into a hole or crack in the street, her ankle twisted and she fell. The district and appellate court found the defendant liable under C.C. Art. 2317. The Supreme Court reversed finding that the plaintiffs failed to prove that the defect in the street, a hole about an inch and a half to two inches deep, occasioned an unreasonable risk of injury to Mrs. Shipp. The court also found that the plaintiffs failed to meet the burden of proving that the city was negligent.
The facts of Shipp v. City of Alexandria, supra, are distinguishable from those in the instant case. In the present case we are not confronted with the presence of one hole, but the presence of several holes. In the present case the holes were located on a pedestrian sidewalk located within the shopping area of a town, and not a small hole in the street. The defendant, Entex, also had actual knowledge of the existence of these holes since it had drilled the holes.
The presence of these holes, drilled a foot apart, created an unreasonable risk of injury to pedestrians wearing high heels walking along the sidewalk, in a shopping area, and this presented a foreseeable risk of injury. Entex was under a duty to protect against the particular risk involved either by warning the pedestrians of the presence of these holes or by properly plugging them. Entex breached its duty by failing to properly plug them. Accordingly, we find no manifest error in the trial court's determination that the presence of these holes created an unreasonable risk of injury to pedestrians, and that Entex was therefore guilty of negligence that was a cause in fact of the accident.
The defendants also contend that the trial court erred in finding the plaintiff was not contributorily negligent.
The determination of contributory negligence is a question of fact to be determined by the trier of fact, and that determination will not be disturbed on appeal unless a review of the record shows manifest error. Cambridge Mut. Fire Ins. v. State Farm, 405 So.2d 587 (La.App. 3rd Cir.1981).
In the present case the evidence revealed that the plaintiff did not notice the presence of the small holes before her heel went into one of the holes causing her to fall. The holes were only ¾ inch to an inch in diameter. Because of their size, the plaintiff was not negligent in failing to observe their presence, and the trial court was not manifestly erroneous in finding her free of negligence.
The defendants also contend that the damage award was excessive. As this court stated in Conner v. Florida Farm Bureau Cas. Ins., 446 So.2d 383 (La.App. 3rd Cir.1984):
"In resolving this issue, we are aided by the following expressions of the standard review:
`Adequacy or inadequacy of an award should be determined by the facts and circumstances peculiar to the case under consideration.'
Boutte v. Hargrove, 290 So.2d 319 (La. 1974) at pp. 321-322.
`Unless the record demonstrates that the trial court abused the "much discretion" provided for in fixing damages (C.C.1934), the appellate court should not disturb the award. Fox v. State Farm Mutual Automobile Insurance Co., 288 So.2d 42 (La. 1974).... The question is not whether a different award might have been more appropriate, but whether the award of the trial court can be reasonably supported by the evidence and justifiable inferences from the evidence before it. That such evidence might also support a greater (or smaller) *573 award will not justify a change in the amount by the appellate court.'

Bitoun v. Landry, 302 So.2d 278 (La. 1974) at pg. 279."
The medical evidence consisted of the following: On the day following the accident Mrs. Johnson was examined by Dr. R.A. Harding. His report indicated she had suffered a bruised and swollen knee. In December 1981 the plaintiff was examined by Dr. Nesom for complaints of pain in her right knee. His reports reveal that on the December 15th visit the patient revealed pain and tenderness in the right joint of the right patella and fluid had collected on the patella. On a January 27, 1982, visit soft tissue swelling was seen about the anterior and superior confines of the right patella. In a September 22, 1982, report by Dr. Ray J. Beurlot, an orthopedic specialist, the doctor stated that an arthrogram had been performed and that arthroscopic surgery was done on the plaintiff's knee. The findings of both were within normal limits. He diagnosed the plaintiff as having a contusion of the right knee with degenerative arthritis. Dr. Michael E. Brunet, another orthopedic specialist, diagnosed the plaintiff in a February 1983 report as suffering from patella tendinitis without any "overt hard objective" clinical findings.
In a deposition, Dr. Cedric W. Lowrey diagnosed plaintiff's condition as a probable contusion of the right knee with residual subjective findings but without objective findings. In a deposition by Dr. T.E. Banks, an orthopedic surgeon, the doctor stated that the plaintiff had been a patient of his in the past, and he removed a disc in the early '70s. After the surgery plaintiff manifested bizarre complaints of pain. He recommended her to a psychiatrist.
Dr. Robert J. Ourso, Jr., a psychiatrist, testified that after his examination of the plaintiff his impression was that she was suffering from a pre-existing psychiatric disorder (chronic depression and anxiety neurosis), and that her injury as a result of the 1981 fall had aggravated her condition.
Plaintiff testified that she was still experiencing pain in her right knee. She said her knee would start hurting after a short period of driving a car or walking or wearing high heels.
Based on this evidence the trial court rendered judgment against the defendants in the amount of $12,500 in general damages, plus the special damages. After a careful review of the record we cannot say that the trial court abused its discretion in making this award.
For these reasons, the judgment of the trial court is affirmed, appellants to pay costs.
AFFIRMED.