STOKER, Judge.
Silton Thibodeaux appeals the dismissal of his action against the owner of property he rented for damages caused by tree limbs that fell on Thibodeaux’s car.
Silton Thibodeaux rented a home owned by Bruce Morein. Lindsey Morein, Bruce’s father, acted as caretaker. There were several trees on the property which were known by all to be rotten. On May 21, 1983, in the midst of a hard rain, Thibo-deaux pulled his car up under the trees to let his family out at a point near the house. He left the engine running while he carried his two youngest children into the house. When he returned to move the car, he found that several tree limbs had fallen on the car. The windshield was broken and the hood was dented. He was unable to move the branches, so he turned off the motor of the car and left it there. The next day he asked Lindsey Morein for help in removing the limbs, but Morein refused. He made little effort to secure other help. That night, more limbs fell, doing more extensive damage to the car.
Thibodeaux initially sued Lindsey Mor-ein, who had once owned the property. Bruce Morein, to whom it had been transferred before the accident, was added later. The plaintiff agreed to the dismissal of *69 Lindsey Morein. At the close of the evidence, the trial judge concluded that Thibo-deaux had not proven his case by a preponderance of the evidence, that he had assumed the risk, and that he was contribu-torily negligent. Thibodeaux’s claim was dismissed, and he appeals.
In his petition as amended, Thibodeaux based his claims against Bruce Morein in strict liability and in negligence. He charged that Morein was strictly liable under LSA-C.C. art. 2317 as owner of the premises, and under LSA-C.C. art. 2695 as lessor.
At trial and in the appellate briefs, the arguments centered on strict liability under Article 2317. The discussion of strict liability was unnecessary in this case. Strict liability serves only to relieve the claimant of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing presented an unreasonable risk of harm which resulted in the damage. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). After presuming the defendant’s knowledge, liability under strict liability is determined by the same inquiry as in negligence cases, i.e., the “reasonable man” standard. Lovell v. Earl Grissmer Co., 422 So.2d 1344 (La.App. 1st Cir.1982), writ denied, 427 So.2d 871 (La.1983). In this case, it is admitted that everyone knew that the trees were rotten. The remaining elements of Thibodeaux’s claim were the same under strict liability and under a theory of negligence.
The trial judge was clearly wrong in holding that Thibodeaux had failed to prove his case by a preponderance of the evidence. Morein had a duty as owner and as lessor to keep his premises in good condition and to prevent damage. See LSA-C.C. arts. 2315, 2693, and 2717. It was unreasonable for Morein not to do something about the rotten trees, particularly after a previous incident involving the falling of another decayed tree.
The trial judge found that Thibo-deaux was contributorily negligent and that he had assumed the risk. Both findings are factual determinations, and are not to be disturbed on appeal unless they are manifestly erroneous. Johnson v. Hartford Acc. and Indem. Co., 476 So.2d 570 (La.App. 3d Cir.1985), writ denied, 479 So.2d 362 (La.1985); Landos v. Rockwell Intern. Corp., 470 So.2d 924 (La.App. 3d Cir.1985), writ denied, 477 So.2d 87 (La.1985).
The proof required to show assumption of the risk consists of three elements: (1) the plaintiff must have actual knowledge of the dangerous condition; (2) there must be appreciation of its dangerous quality; and (3) there must be a voluntary assumption of the danger. Dorry v. Lafleur, 399 So.2d 559 (La.1981); Landos, supra. In this case, the trial judge did not err in concluding that Thibodeaux had assumed the risk. He admitted at trial that he knew that the trees were rotten, that he understood that the conditions on the night of the first incident were conducive to causing the limbs to fall, that he intended to stop under the trees only briefly because he was aware of the likelihood that the branches would fall on his car. He voluntarily assumed the risk that the branches would fall during the short time he had parked there.
Thibodeaux cites Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981) for the proposition that the “reasonable man” is permitted an occasional lapse of memory. We distinguish that case from the one before us. Thibodeaux did not forget that the hazard existed. He testified that he was conscious of it as he parked under the trees.
Thibodeaux’s assumption of the risk bars his recovery against Bruce Morein. This conclusion precludes the necessity of a discussion of contributory negligence. We affirm the judgment of the trial court dismissing the plaintiff’s claims. Costs of this appeal are assessed to the appellant.
AFFIRMED.