**Sebastian Robert D'SOUZA, Plaintiff,**

v.

**Beryl HOWELL, A.U.S.A., Joseph P. Denehy, Sp. Agent DEA, Arnold Moorin, Sp. Agent DEA, Harold Anderson, Sp. Agent DEA, Elizabeth Horan, U.S.P.O., Susan G. Kellman, Attorney–at–Law, Defendants.**

No. 91 Civ. 3768 (VLB).

United States District Court,
S.D. New York.

July 21, 1992.

Robert W. Sadowski, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This is a prisoner's civil rights action [1] seeking damages from various federal officials and an attorney in connection with alleged mistreatment at the time of arrest and improper conduct in connection with his prosecution for narcotics violations. The federal defendants have moved to dismiss. The complaint is dismissed in its entirety effective immediately as to the federal defendants, and 30 days from the date of entry of this order unless cause to the contrary is shown as to defendant Kellman, based upon:

(a) *res judicata* as to the federal defendants, and

(b) both collateral estoppel and failure to state a claim

as to the remaining nonfederal defendant attorney Susan G. Kellman because of absence of any factual allegations against her as distinct from legal conclusions.[2]

Plaintiff was convicted upon a plea of guilty to conspiring to import heroin, and the conviction was affirmed based in part upon rejection of claims that the plea was based on a conspiracy with government agents, or that he received ineffective assistance of counsel. *United States v. Contractor (Robert Sebastian D'Souza, Defendant–Appellant)*, 926 F.2d 128, 133–34 (2d Cir.1991).[3]

D'Souza filed 89 Civ. 670 (E.D.N.Y.) against the United States Attorney for the Eastern District of New York and current defendants Denhy, Moorin and Anderson, alleging mistreatment upon his arrest and that he should not have been prosecuted

---

1. The summons in this action is designated 91 Civ. 3768. For unknown reasons, many documents are mis-cited as 91 Civ. 3769. This memorandum order disposes of D'Souza's claims asserted under either docket number.

2. The distinction drawn between the federal defendants and Ms. Kellman is not intended to imply a ruling that D'Sousa's complaint states a claim against the federal defendants upon which relief may be granted. The adequacy of

the complaint as to Ms. Kellman is considered, whereas it is not in the case of the federal defendants because collateral estoppel rather than *res judicata* is the basis for preclusion of D'Souza's claim in her case.

3. The identicality of key facts in the case against Robert Sebastian D'Souza and the claims alleged by plaintiff Sebastian Robert D'Souza confirms that the two are the same person.

because of numerous misstatements and other improprieties in the course of the criminal investigation. A second complaint in the Eastern District of New York (89 Civ. 4114) against the same defendants and additional parties including defendant Howell, alleged that plaintiff's constitutional rights were violated by his arrest and prosecution. The two actions were consolidated. In decisions dated July 31, 1991 and March 16, 1992 (responsive to application for reconsideration) Judge Sifton granted (and reaffirmed the grant of) summary judgment to defendants.

■ The allegations against the federal defendants in the present complaint, 91 Civ. 3768, are substantially identical to those in the consolidated 89 Civ. 670 (E.D.N.Y.). Adjudication has been had as to these allegations and they have been dismissed. *Res judicata* is thus a bar to D'Souza's complaint against the federal defendants.

■ The allegations against Ms. Kellman in paragraph 14 at p. 5–6 of 91 Civ. 3768 essentially charge her with failure to represent plaintiff properly or effectively in his criminal case, albeit using colorful pejorative language rather than factual details to press those allegations. These charges are inconsistent with the findings that plaintiff's plea of guilty was properly accepted, and that the claim of ineffective assistance of counsel was meritless, *United States v. D'Souza,* 926 F.2d 128, 133–34 (2d Cir.1991).

Having lost in litigation dealing with the same issue, plaintiff cannot proceed with the same claim against his former counsel. See *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder–Tongue Laboratories v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Schwartz v. Public Administrator,* 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969).

■ Moreover, the allegations against Ms. Kellman are entirely conclusory, lacking any detailed information. Plaintiff's typewritten complaint shows verbal ability sufficient to set forth specific factual information if it existed. Perjury, conspiracy, bad faith, and retaliation are alleged, and strong language is used, but concrete facts are lacking.

Because Ms. Kellman has made no motion alerting plaintiff that his complaint against her would be reviewed, plaintiff is granted leave to submit within 30 days of entry of this order any reasons available to him why the above disposition should be reconsidered. The reasons given in this memorandum order as to why the complaint against Ms. Kellman are untenable are tentative and intended to provide plaintiff with fair warning that the points described must be met for the complaint against Ms. Kellman to survive.

Dismissal of the complaint as to Ms. Kellman will be stayed for 45 days to permit plaintiff to make such a showing if he is able to do so, and to submit a motion for leave to amend as to Ms. Kellman only, accompanied by a proposed amended complaint as to her only. Such complaint may not be served or filed as a pleading unless such leave is granted.

Absent a showing suggesting that dismissal of the complaint as to Ms. Kellman is inappropriate, the complaint against her will be dismissed. Absent such a showing, retaining already-adjudicated conclusory charges against D'Souza's former counsel where there is no basis to do so would improperly discourage attorneys from willingness to represent criminal defendants such as plaintiff.[4]

SO ORDERED.

---

**4.** Requiring Ms. Kellman to defend against a meritless claim could also involve her in choices between violating the attorney-client privilege, concluding that the lawsuit waived it, or being unable to defend against allegations already rejected (see *United States v. D'Souza,* 926 F.2d

---

128 (2d Cir.1991)), and too indefinite properly to call for litigation.