Jose RIVERA, Plaintiff,

v.

Cecil O'NEILL, et al., Defendants.

No. 89 Civ. 4505 (VLB).

United States District Court,
S.D. New York.

Feb. 10, 1993.

Jose Rivera (Jose Francisco Morales), plaintiff pro se.

Tigran W. Eldred, Penny Shane, Dimitri Nikolakakos, New York City, for plaintiff.

Richard Mathieu, Asst. Atty. Gen., New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this suit brought under 42 U.S.C. § 1983 based on alleged improper treatment of plaintiff while incarcerated, defendants have moved to dismiss based on discovery defaults on the part of plaintiff, and plaintiff's *pro bono* attorney has moved to be relieved as counsel. I deny the motion to dismiss without prejudice to use of any discovery defaults on the part of plaintiff in connection with further proceedings in this case, and I grant the motion of *pro bono* counsel to be relieved.

### II

■ Dismissal of a complaint for discovery default is a harsh remedy which can be imposed in a proper case but must be employed with caution. See generally *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). I find dismissal for asserted discovery defaults inappropriate where an initially *pro se* natural person plaintiff now represented by *pro bono* counsel is complaining about events while he was imprisoned. At least some of the discovery disputes concern necessarily intrusive questions plaintiff may have rightly or wrongly regarded as unjustified, and which may also have upset him sufficiently to affect his conduct in regard to other discovery.

Other sanctions aside from dismissal may, of course, be imposed for discovery default. In denying the current motion to dismiss, I do not evaluate the merits of defendants' complaints about plaintiff's conduct in regard to discovery, but merely decline to adopt the remedy of dismissal.

■ If I find in connection with further proceedings in this case that plaintiff failed to furnish relevant information in his possession, I may draw or permit a factfinder to draw appropriate adverse inferences. See generally *Interstate Circuit v. United States*, 306 U.S. 208, 225–26, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939); *Caminetti v. United States*, 242 U.S. 470, 497, 37 S.Ct. 192, 199, 61 L.Ed. 442 (1917); *United States v. Nichols*, 912 F.2d 598 (2d Cir. 1990) (concerning missing witnesses); 2 Wigmore, *Evidence* § 285 (Chadbourn rev. ed. 1979).

In the event defendants choose to move for summary judgment, they may cite exhibits submitted in connection with the present motion to dismiss rather than resubmitting them.

### III

■ Pursuant to Rule 5(b)(iv) of the Rules Governing Appointment of Attorneys in *Pro Se* Civil Actions, counsel may withdraw on the ground that in the opinion of counsel, the client's "claims ... are not supported by fact." Adherence to this rule is important to secure convincing advocacy by *pro bono* counsel and to permit them to accept cases without fear of being frozen into the position of arguing factual contentions they believe wrong or potentially perjurious. Without protection of this type, the reservoir of attorneys willing to undertake such assignments would be jeopardized, with avoidable ill effects for *pro se* plaintiffs and for the fairness of the legal system. See *D'Souza v. Howell*, 794 F.Supp. 517, 519 & n. 4 (S.D.N.Y.1992).

SO ORDERED.