**Henry FERA, Plaintiff,**

v.

**Daniel A. ROCHE, et al., Defendants.**

**No. 90 Civ. 4267 (VLB).**

United States District Court, S.D. New York.

March 9, 1993.

Michael A. Cerussi, Jr., Burchetta, Cerussi & Spring, White Plains, NY, for plaintiff.

RoseMarie Flocco Moschetta, Joseph A. Maria, PC, White Plains, NY, for defendants.

### ORDER

VINCENT L. BRODERICK, District Judge.

At a pretrial conference held on March 8, 1993, it was agreed that:

1. In lieu of any appeal from a decision by United States Magistrate Judge Mark D. Fox concerning document sought by plaintiff, defense counsel will furnish the following unless plaintiff's counsel finds it in the interim, documents of the Town of Orangetown in effect in 1987 relating to policies, guidelines or procedures concerning:

    a.  Arrest procedures

    b.  Handcuffing

    c.  Police hiring practices in effect for the year in which Mr. Roche was hired.

2. Disciplinary files relating to alleged excessive use of force by the Orangetown police from 1984 through 1987 will be furnished to the extent they can be located, by April 1, 1993 for *in camera* inspection before United States Magistrate Judge Fox; Judge Fox will determine without further review what portions if any of such material will be turned over to plaintiff's counsel.

3. Defense counsel may serve plaintiff's counsel with a list of items requested at the deposition of Mr. Fera; nonproduction of any such items which are available and found not subject to any proper objections, and which are reasonable and relevant may form the basis for a request for an adverse inference at the trial.

4. If a jury trial is held, defense counsel may conduct a voir dire of plaintiff with respect to any allegedly relevant press or media coverage asserted to affect plaintiff's reputation as it may pertain to damages, to the extent such questions were not answered at plaintiff's deposition (in particular the GALLERY magazine article), and prior arrests (including the circumstances and events involved).[1]

The Clerk of the Court or the Town will provide to defense counsel medical records if contained in Mr. Roche's personnel file or which can be found elsewhere, and such records will if found be brought to his deposition so that Mr. Roche may decide whether to permit them to be shown to plaintiff's counsel for purposes of the deposition.

The next pretrial conference will be held on June 7, 1993 at 10 AM in lieu of April 1, 1993, and the case will be trial ready at that time. By that time the materials called for by my individual rules will have been furnished.

SO ORDERED.

---

1. The admissibility of such evidence will be determined as a matter of law at the trial.