Gwendolyn L. STEWART, Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORP., and two
of its employees, Defendants.

No. 93 Civ. 2862 (VLB).

United States District Court,
S.D. New York.

Nov. 9, 1994.

Howard L. Weider, Law Offices of C. Vernon Mason, New York City, for plaintiff.

Darrell S. Gay, Gay, Maher & Brown, New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Plaintiff Gwendolyn L. Stewart brings this action alleging illegal employment discrimination based upon her ethnicity in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 USC 2000–e and intentional infliction of emotional distress. Named as defendants are her employer International Business Machines Corp. ("the employer") and two of its employees.[1] Defendants have

---

1. The employees' names are irrelevant to this decision, and there is no need to include them in data bases as a result of this law suit; in view of the disposition made the docket sheet shall be amended to refer to them as "employees." See

moved for summary judgment under Fed. R.Civ.P. 56. The motion is granted as to plaintiff's claims against the employees of IBM and as to the claim for intentional infliction of emotional distress.

With respect to the Title VII claim, plaintiff appears to present a triable case against the employer by the thinnest of margins; the motion to dismiss that claim as against the employer is denied.

## II

Plaintiff worked for the employer for more than eleven years, from May 26, 1981 to July 24, 1992. She was discharged for failing to return to work on July 21, 1993. Plaintiff had been absent from work because of illness for approximately three (3) months, from April 6, 1992 up to the date of her termination. When dismissed, plaintiff was a production specialist responsible for inspecting products for imperfections. IBM expressed no dissatisfaction concerning her performance prior to the onset of her illness.

While the employer's medical staff stated that plaintiff could work after the onset of her illness, a medical examiner chosen by the employer stated that she would require accommodations and restrictions. Plaintiff had appeared at the employer's premises on July 20, but claimed to be ill. July 21 was the first and only specific date on which her return was demanded but not fulfilled.

Plaintiff cites instances of more favorable treatment toward employees of differing perceived ethnicity,[2] but neither plaintiff nor the employer has established with significant reliability whether or not there was indeed a pattern of disparate treatment of employees in similar circumstances but of differing ethnicity or gender.

## III

█ Plaintiff argues initially that summary judgment is inappropriate in virtually all cases alleging employment discrimination. This is erroneous. The Federal Rules create the same procedural structure for all cases regardless of the nature of the claim. *Leatherman v. Tarrant County*, —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

█ In employment discrimination cases, a plaintiff "opposing ... a motion [for summary judgment] must produce sufficient evidence to support a rational finding that ... more likely than not [illegal discrimination] was the real reason for" the unfavorable decision by the employer. *Woroski v. Nashuha Corp.*, 31 F.3d 105, 110 (2d Cir.1994) (age discrimination case). See *Oey v. Delta Airlines*, 1994 WL 24658, 1994 US Dist. LEXIS 670 (S.D.N.Y. January 24, 1994), *aff'd without opinion # 94–7204*, 35 F.3d 553 (Table) (2d Cir. August 12, 1994).[3]

Title VII flows from various sources which ultimately led to congressional action in 1964: the Declaration of Independence and the Fourteenth Amendment equal protection clause; the Fair Employment Practices Committee (FEPC) during the Second World War; and the Report of the President's Committee on Civil Rights in 1948.[4] If plaintiff's argument were accepted Title VII would become available as a tool for litigation in employment disputes generally, whether or not significant evidence of invidious discrimination existed. Inclusion within the scope of Title VII of what would otherwise be ordinary employment disputes would "trivialize"[5] the statute.

---

*Christiana v. Metropolitan Life Ins. Co.*, 839 F.Supp. 248 (S.D.N.Y.1993).

**2.** Title VII prohibits discrimination in employment covered by the Act because of race, color or national origin. An employer's practice of considering such factors violates the statute.

**3.** A false impression that summary judgment in employment discrimination or other categories of cases is almost always inappropriate may be created because many affirmances of decisions granting summary judgment motions are filed without published opinions pursuant to Rule 0.23

of the Rules of the United States Court of Appeals for the Second Circuit, as in *Oey v. Delta Airlines, supra.*

**4.** See *Toliver v. SDTC*, 818 F.Supp. 71, 74 (S.D.N.Y.1993).

**5.** See *Parratt v. Taylor*, 451 U.S. 527, 545 (1981) (Stewart, J.) concurring) (concerning the due process clause of the Fourteenth Amendment), *overruled on another issue, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

## IV

A criterion for a finding of employment discrimination under Title VII is that invidious discrimination of one of the types prohibited by the statute took place. *Taggart v. Time, Inc.*, 924 F.2d 43, 46 (2d Cir. 1991); *Montana v. First Federal Savings & Loan Ass'n*, 869 F.2d 100, 104 (2d Cir.1989); *Oey, supra.* Where a claim is "implausible ... [the party opposing summary judgment] must come forward with more persuasive evidence ... than would otherwise be necessary" to defeat a motion under Fed.R.Civ.P. 56. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Where a defense to a claim is implausible, the party offering that defense "must come forward with more persuasive evidence ... than would otherwise be necessary" to sustain a motion under Rule 56.

Inadequacy of an employer's explanation for a challenged adverse personnel decision does not by itself constitute evidence of illegal discrimination. *St. Mary's Honor Center v. Hicks*, —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Paperwork support for each employer action is not required by the antidiscrimination laws. See *Watson v. Ft. Worth Bank & Trust Co,* 487 U.S. 977, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988); *Oey, supra; Christiana v. Metropolitan Life*, 839 F.Supp. 248 (S.D.N.Y.1993).

Where an explanation for an adverse employment action is sufficiently implausible under general principles, an adverse inference as to the existence of prohibited discrimination may be drawn. See *United States v. DiStefano*, 555 F.2d 1094 (2d Cir. 1977); *Chorbajian v. Goldhirsch Group*, 814 F.Supp. 333 (S.D.N.Y.1992).

If information primarily available to the employer which would shed light on the case is not provided, an adverse inference may also be drawn.[6]

## V

It is implausible that an employee with eleven (11) years of service without negative reports would be discharged because of a single incident of unauthorized absence. In this case the employer did not establish any reason for urgency in terminating plaintiff's employment. The employer has likewise failed to submit sufficient evidence of treatment of others similarly situated to indicate lack of discrimination against plaintiff.

Under these circumstances, the otherwise extremely thin support for a finding of discrimination set forth by plaintiff—the unreasonableness of her treatment together with more favorable treatment of employees with other ethnicity—succeeds in justifying denial of the employer's motion for summary judgment dismissing plaintiff's Title VII claim.

## VI

No significant evidence of any deliberate intention to cause emotional distress to plaintiff has been presented. See *Martin v. Citibank*, 762 F.2d 212 (2d Cir.1985); *Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978). Accordingly this claim cannot survive IBM's motion for summary judgment.

## VII

The employer here, a solvent institutional entity, is fully responsible for any violations which might be found upon the trial of this case, and is fully able to provide any relief which might be granted to plaintiff. Under Fed.R.Civ.P. 1 as amended in 1993, the courts are instructed that all procedural rules must be "administered" as well as "construed" to promote the "just, speedy and inexpensive" determination of every action. No valid reason has been suggested for incurring additional confusion, expense and delay by retaining unnecessary natural person

---

6. See *Baxter v. Palmigiano*, 425 U.S. 308, 316–20, 96 S.Ct. 1551, 1557–59, 47 L.Ed.2d 810 (1976); *Interstate Circuit v. United States*, 306 U.S. 208, 225–226, 59 S.Ct. 467, 473–74, 83 L.Ed. 610 (1939); *Gray v. Great American Recreation Ass'n*, 970 F.2d 1081, 1082 (2d Cir.1992); *Scott v. Kelly*, 962 F.2d 145, 146 (2d Cir.1992); *United States v. Torres*, 845 F.2d 1165, 1169 (2d Cir.1988); *Brink's, Inc. v. New York*, 717 F.2d 700 (2d Cir.1983); *Fera v. Roche*, 147 F.R.D. 58 (S.D.N.Y.1993); *Rivera v. O'Neill*, 146 F.R.D. 93 (S.D.N.Y.1993).

defendants in this case. See *Chambers v. Capital Cities,* 851 F.Supp. 543, 546 (S.D.N.Y.1994); *Lederman v. Marriott,* 834 F.Supp. 112, 115 (S.D.N.Y.1993); *Archer v. Motorists Supply Co.,* 833 F.Supp. 211 (S.D.N.Y.1993).

## VIII

The parties are directed to inform the court within fifteen (15) working days of the date of this memorandum order whether or not they wish assistance in regard to settlement.

SO ORDERED.